Robert COSTANDI et al., Plaintiffs,

v.

AAMCO AUTOMATIC TRANSMIS-
SIONS, INC., a corporation, and En-
yart & Rose Advertising, Inc., a corpo-
ration, Defendants.

AAMCO AUTOMATIC TRANSMIS-
SIONS, INC., a corporation, Cross-
Complainant and Appellee,

v.

Robert COSTANDI et al., Cross-
Defendants and Appellants.

No. 24842.

United States Court of Appeals,
Ninth Circuit.

March 7, 1972.

Albert E. Levy (argued), John H.
Brill, Burton J. Goldstein, of Goldstein,
Barceloux & Goldstein, San Francisco,
Cal., for appellants.

Peter W. Fisher, (argued), of Malo-
ney, Chase, Fisher & Hurst, San Fran-
cisco, Cal., for appellee.

Before BROWNING and TRASK, Cir-
cuit Judges, and TAYLOR *, District
Judge.

* Honorable Fred M. Taylor, Senior United States District Judge, District of Idaho, sitting by
designation.

942

PER CURIAM:

The plaintiffs (franchisees) brought this action against the defendant, AAMCO Automatic Transmissions, Inc., franchisor (AAMCO), seeking damages for alleged violations of the anti-trust laws of the United States; for restitution based upon fraud which induced the franchisees to enter into franchising agreements with AAMCO; and recovery for unjust enrichment.

AAMCO cross-complained alleging breach of the franchise agreements; seeking to have the franchise agreements terminated; seeking damages as a result of said breaches; and seeking an injunction against the franchisees to prevent them from continuing to do business under the trade name and trademark of "AAMCO Automatic Transmissions".

The case is presently before the court on franchisees' appeal from an injunction pendente lite issued by the trial court ordering them to discontinue use of the proprietary name "AAMCO Automatic Transmissions", or any similar names and marks containing the designation "AAMCO".

The district court had jurisdiction pursuant to 28 U.S.C.A. § 1332 and 15 U.S.C.A. §§ 4, 14, 15, 22 and 26. This court has jurisdiction under 28 U.S.C.A. § 1292.

The trial court, after evidentiary hearings, found and concluded that the franchisees had entered into certain Franchise Agreements with AAMCO; that the mark "AAMCO" had been duly registered by AAMCO with the United States Patent Office; that pursuant to the Franchise Agreements, the franchisees had the right to use the registered trademark of AAMCO in consideration for which the franchisees agreed, among other things, to pay franchise fees, participate in local advertising and purchase parts from AAMCO; that franchisees had refused and failed to pay franchise fees, participate in local advertising and purchase repair parts from AAMCO; that by reason of the franchi-

sees' refusal to participate in local advertising, pay franchise fees and purchase parts from AAMCO, it had been and would be unable to supervise, inspect and police the business establishments of the franchisees to insure that approved procedures were being employed to protect the consuming public; that AAMCO has a nationwide organization of franchise transmission repair dealers throughout the country and has a vital interest in protecting its business reputation; and that if the franchisees were not enjoined from further use of AAMCO's registered mark and holding themselves out as AAMCO franchised dealers, then AAMCO would suffer irreparable injury.

The franchisees contend that they are entitled to continue the use of AAMCO's trademark pending final outcome of this case; and that the admitted facts of the case show a per se violation of the Sherman Act (15 U.S.C.A. § 1) by AAMCO which constitutes a defense to the cross-complaint under 15 U.S.C.A. § 1115(b) (7).

The franchisees further contend that if the district court had discretion to issue the preliminary injunction, it was an abuse of discretion because there was no probative evidence upon which the district court could have found irreparable injury; and that it is erroneous to grant injunctive relief of this nature which has the effect of granting AAMCO all that it could secure after a trial on the merits, if it prevails.

After reviewing the exhibits and the testimony contained in the record, and having considered the briefs and arguments of counsel, we are of the opinion that the district court was justified in issuing the injunction pendente lite which is the subject of this appeal. The franchisees' argument that they are entitled to the continued use of AAMCO's trademark, pending final outcome of the litigation, is not persuasive. It is an elementary rule of contract law that one cannot repudiate a contract and at the same time retain the consideration or any part thereof received under the

contract. United States v. Blair, 193 F. 2d 557 (10th Cir. 1952); Karn v. Pidcock, 225 Or. 406, 357 P.2d 509 (1960); Bariel v. Tuinstra, 45 Wash.2d 513, 276 P.2d 569 (1954); 17 Am.Jur.2d, Contracts § 512. We do not deem it necessary to consider the argument of franchisees in regard to a per se violation of the Sherman Act in order to resolve the question raised on this appeal as to the propriety of issuing the injunction pendente lite.

In considering the propriety of an injunction pendente lite, it must be remembered that:

"The function of the equitable remedy of injunction is preventive, prohibitory, protective or restorative, as the law and the circumstances of the case warrant." Moore's Federal Practice, 2d Ed., § 65.04(1), p. 1625.

If, in the discretion of the trial court, the "balance of hardships tips toward the party requesting the temporary relief", then the trial court has not abused its discretion by issuing an injunction pendente lite. Semmes Motors, Inc. v. Ford Motor Company, 429 F.2d 1197 (2nd Cir. 1970); Columbia Broad. Sys., Inc. v. ASCAP, 320 F.Supp. 389 (S.D.N.Y.1970).

It must be kept in mind that the franchisees here have declared themselves no longer bound by the terms of the franchise agreements and that they no longer consider themselves bound by the terms of their respective agreements. The district court clearly recognized the gross inequity of allowing the franchisees to reap the benefits of doing business under the AAMCO name without paying their proportionate share of the costs of those benefits pending the final outcome of this case. It is the opinion of the court that the trial court was fully warranted in issuing the injunction pendente lite in order to protect the business reputation of AAMCO, especially when, as here, the issuance of the injunction was conditioned upon the filing of a $300,000 bond by AAMCO for the protection of the franchisees in the event they prevail on the merits and suffer damages.

Affirmance of the injunction pendente lite does not depend upon a holding that AAMCO demonstrated a likelihood of success at a trial on the merits. Semmes Motors, Inc. v. Ford Motor Company, supra; Hamilton Watch Co. v. Benrus Watch Co., 206 F. 2d 738 (2nd Cir. 1953); Columbia Broad. Sys. v. ASCAP, supra.

In light of the evidence before the trial court and its reasonable and justifiable findings therefrom, we hold that the trial court did not abuse its discretion in granting the injunction pendente lite.

Affirmed.