CLE–WARE RAYCO, INC., an Ohio
Corporation, Plaintiff,

v.

Bruce J. PERLSTEIN, Defendant.

No. 75 Civ. 1132.

United States District Court,
S. D. New York.

Aug. 27, 1975.

Marshall, Bratter, Greene, Allison &
Tucker, New York City, for plaintiff;
Katten, Muchen, Gitles, Zavis, Pearl &
Galler, Chicago, Ill., of counsel.

Sohn & Gross, Spring Valley, N.Y.,
for defendant.

### MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District
Judge.

Plaintiff seeks a preliminary and per-
manent injunction against the defend-
ant's use of the trade name, trademark
and/or service mark "RAYCO" and
directing the defendant to remove all
RAYCO logo signs from its premises
and from all bills and stationery and
other materials in the possession of the
defendant. In connection with its mo-
tion, plaintiff also requested that the
trial of the action for the permanent in-
junction be advanced pursuant to Rule
65(a)(2) of the Federal Rules of Civil
Procedure. According to the teachings
of the Court of Appeals for this Circuit,
a hearing was held at which both parties
put in evidence in the form of testimony
and documents. *Securities & Exchange
Commission v. Frank*, 388 F.2d 486 (2d
Cir. 1968).

It appears that the plaintiff Cle-Ware
Rayco Inc. was an Ohio corporation and

was the owner of the trademark, trade name and/or service mark "Rayco", which is registered both federally and in the State of New York.

The defendant Bruce J. Perlstein is an individual who entered into a Rayco Auto Service Center franchise agreement on or about February 16, 1970, and still operates an auto service business on West Route 59 in Nanuet, Rockland County, New York. The franchise agreement granted to Perlstein a limited right to use the name "RAYCO" in conjunction with the sale of Rayco products and services while the agreement remained in force. The agreement provided that the defendant would pay for merchandise sold to him, certain franchise fees and certain advertising expenses. In December 1974, the credit manager of the plaintiff approached the defendant with a view towards settling certain accounts which the plaintiff claimed remained open. No settlement was made and on January 6, 1975, plaintiff advised the defendant that his franchise would terminate on February 4, 1975, unless his alleged defaults had been cured prior to that date. The alleged defaults were not cured and, in fact, on February 4, 1975, the franchise was terminated. Since that time the defendant has continued to use the "RAYCO" logo on a sign outside of his auto service center and also on his bills and stationery.

By this action plaintiff seeks to have the defendant cease using the trade name, trademark and/or service mark of the plaintiff corporation.

In answer, the defendant admits that he entered into a franchise agreement with Rayco Inc. but disclaimed any knowledge of the plaintiff corporation Cle-Ware Rayco, Inc. The defendant also alleged that a "corporation known as FDI Inc. . . . also claims ownership of the name "Rayco". The defendant alleged further that all his dealings were with "an entity know as RAYCO INTERNATIONAL, INC." The defendant contended that the proper entities therefore were not parties to this lawsuit and that the action had to be dismissed.

It became clear at the hearing that Rayco Inc. went into bankruptcy in early 1971 and that through a reorganization and various corporate mergers the plaintiff CLE-WARE RAYCO, INC. was the survivor and the owner of the trademark, trade name and/or service mark "RAYCO", along with its distinctive logo. At the hearing, Donald E. Egan, Esq., Chicago counsel for the plaintiff, testified that the plaintiff Cle-Ware Rayco, Inc. was still the owner of the trademark, trade name and/or service mark "RAYCO". However, after the hearing was concluded, I was notified that Mr. Egan's testimony was in part inaccurate because as of April 30, 1975, Cle-Ware Rayco, Inc. was merged into FDI, Inc., a Delaware Corporation.

Since FDI, Inc., the present owner of the rights in the name "RAYCO", is not a party-plaintiff, the motion for a preliminary and permanent injunction prohibiting the defendant's continued use of that name will be denied. If FDI, Inc. is joined as a plaintiff I will entertain a motion to reconsider upon the record already made.

So ordered.

### OPINION

The plaintiff, Cle-Ware Rayco, Inc., was, at the time this suit was filed, the owner of the registered trademark and servicemark "Rayco", a mark used to signify various services performed in connection with an automobile service center business which is conducted by the plaintiff and its franchisees. The defendant Bruce J. Perlstein was one of the plaintiff's franchisees. Since 1970 he has operated a "Rayco" service center in Rockland County, New York.

On May 13, 1975, the plaintiff Cle-Ware Rayco, Inc. moved by order to show cause for an injunction (1) restraining the defendant from using the "Rayco" mark; (2) directing that he remove the "Rayco" logo signs from his automotive

center; and (3) directing him to deliver to the plaintiff all bills, stationery and other materials imprinted with the "Rayco" mark. Defendant opposed the issuance of the injunction and since there were disputed questions of fact I held an evidentiary hearing. *Securities & Exchange Commission v. Frank,* 388 F.2d 486 (2d Cir. 1968).

At the evidentiary hearing Donald E. Egan, Chicago counsel for the plaintiff, testified that as the result of various corporate reorganizations and mergers the plaintiff Cle-Ware Rayco, Inc. was the owner of the "Rayco" trademark and/or servicemark. After the conclusion of the hearing but prior to my decision on the issuance of the injunction, I was notified that Mr. Egan's testimony was in part inaccurate and that the plaintiff Cle-Ware Rayco, Inc. is no longer the owner of the "Rayco" trademark and/or servicemark. When Mr. Egan testified on May 27, 1975, he was apparently unaware of the fact that on April 30, 1975, Cle-Ware Rayco, Inc. had been merged into FDI, Inc., a Delaware corporation. As a result of this merger FDI, Inc. became the owner of the "Rayco" mark.

Since FDI, Inc. was not a party plaintiff, I refused to issue the requested injunction but in my "Memorandum and Order" filed June 11, 1975, I stated that I would reconsider the motion for the injunction, upon the record already made, if FDI, Inc. was joined as a plaintiff. Consequently, the plaintiff Cle-Ware Rayco, Inc. has moved (1) for an order pursuant to F.R.Civ.P. Rule 21 joining FDI, Inc. as an additional party plaintiff and (2) for a reconsideration of its original request for injunctive relief.

Turning first to the motion to add FDI, Inc. as a party plaintiff, Rule 21 of the Federal Rules of Civil Procedure provides in pertinent part:

> "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

In the present posture of this case it appears both necessary and "just" that FDI, Inc. be added as a party plaintiff. Since the defendant himself has previously named FDI, Inc. as a third party defendant in this suit, I fail to see how the defendant's interests will be prejudiced in any manner whatsoever by my granting the motion to add FDI, Inc. as a plaintiff and to serve a supplementary complaint effecting this change. Accordingly, that part of plaintiff's motion seeking to add FDI, Inc. as a plaintiff and to serve a supplemental complaint is granted.

The remaining portion of plaintiff's motion seeks a reconsideration of its original request for injunctive relief. As part of its original request the plaintiff asked that the trial of the action on the merits be advanced and consolidated with the hearing on the preliminary injunction pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.

The request for a reconsideration of the motion for injunctive relief is granted. For purposes of the reconsidered motion, this opinion constitutes findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure.

The testimony at the hearing and the documents submitted by the parties established that on February 16, 1970, the defendant Bruce J. Perlstein entered into a Rayco Auto Service Center franchise agreement. The franchise agreement granted to Perlstein a limited right to use the name "Rayco" in conjunction with the sale of Rayco products and services so long as the agreement remained in force. The agreement provided that the defendant would pay for merchandise sold to him as well as paying franchise fees and certain advertising expenses. In December 1974, the credit manager of plaintiff Cle-Ware Rayco, Inc. approached the defendant with a view towards settling certain accounts which the plaintiff claimed remained open. The defendant has allegedly failed to pay for merchandise

sold and delivered to him as long ago as October 1973; franchise fees have allegedly not been paid since July 1974; and advertising fees are allegedly owed from September 1973. By a letter dated January 6, 1975, the defendant was notified that his franchise would terminate on February 4, 1975 unless his alleged defaults were cured prior to that date. The alleged defaults were not cured and, in fact, on February 4, 1975 the franchise was terminated. Since the termination, the defendant has continued to use the "Rayco" logo on a large sign located outside his auto service center as well as using the logo on his bills and stationery. It is these practices which the plaintiff seeks to have enjoined.

The defendant admits that he entered into a franchise agreement but claims he has not received certain benefits which were in the contemplation of the parties at the time the original franchise agreement was entered into. Defendant seems to be claiming that a breach of the franchise agreement by the other party to it has excused him from continuing to meet his obligations under that agreement. While this seems to be defendant's claim, his proof is quite vague. In any event, this argument relates to the question of breach of contract but has little relevance on the immediate question of whether the defendant can continue to use the "Rayco" mark.

Defendant also contends that other businesses are using the name "Rayco" without authorization. However, it was shown at the hearing that at least some of these businesses are in fact franchisees of the plaintiff and are in fact authorized to use the "Rayco" name and mark. There was no proof that the "Rayco" mark had been abandoned or that its improper use had been permitted by Cle-Ware Rayco, Inc. or its predecessors in interest.

The law in this Circuit as to when injunctive relief should be granted is quite clear. It will be granted if the moving party shows either (a) probable success on the merits and the possibility of irreparable injury or (b) serious questions going to the merits and the balance of hardship tips sharply in its favor. See, e. g., *Pride v. Community School Bd.*, 482 F.2d 257, 264 (2d Cir. 1973).

I find that in this case the plaintiff has shown both probable success on the merits and the possibility of irreparable injury. The irreparable damage claimed is damage to the good will and reputation of the plaintiff. The defendant admitted at the hearing that complaints have been made by customers about his service center. Damage to good will and reputation are clearly intangibles which could not be later compensated by an award of money damages. Whatever harm may come from defendant's continued unauthorized use of the "Rayco" mark constitutes irreparable harm.

The testimony and exhibits submitted at the hearing also indicated that the plaintiff has a reasonable certainty of ultimate success on the merits. The franchise agreement clearly requires the defendant to stop using the registered name "Rayco" whenever its franchise is terminated. The franchise was terminated on February 4, 1975, yet defendant admitted at the hearing that he continues to use the "Rayco" name and logo. It would be a "gross inequity [to allow] the franchisees to reap the benefits of doing business under the [Rayco] name without paying their proportionate share of the costs of those benefits pending the final outcome of this case." *Costandi v. Aamco Automatic Transmissions, Inc.*, 456 F.2d 941 (9th Cir. 1972).

Accordingly, a preliminary injunction will issue.

Settle order on notice.