**BURGER CHEF SYSTEMS, INC., Plaintiff,**

v.

**MPG, INC. (successor in name to Palmer Enterprises, Inc.), Fast Food Services, Inc., Fred I. Palmer and Beth H. Palmer, Defendants.**

No. 79–C–137–D.

United States District Court, N. D. Oklahoma.

Dec. 20, 1979.

John Imel, Tulsa, Okl., for plaintiff.

Steven M. Harris, Tulsa, Okl., John F. Schmutz, Indianapolis, Ind., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Plaintiff has moved for a preliminary injunction herein preventing Defendants from using Plaintiff's registered BURGER CHEF trademarks[1] at two of Defendants' businesses, one located in Claremore, Oklahoma and the other at the Woodland Hills Shopping Center in Tulsa, Oklahoma.

In considering the issuance of a preliminary injunction herein, the Court is primarily interested in a showing by Plaintiff of a likelihood of success at the trial and irreparable injury to Plaintiff if the preliminary injunction as requested is not granted. *Bose Corporation v. Linear Design Labs, Inc.*, 467 F.2d 304 (Second Cir. 1972); *W. E. Bassett Company v. Revlon, Inc.*, 354 F.2d 868 (Second Cir. 1966). The Court has conducted an evidentiary hearing on Plaintiff's Motion for Preliminary Injunction.

Plaintiff and Defendants had written franchise agreements on four businesses of Defendants in Tulsa, Oklahoma pursuant to which Plaintiff's trademarks were used by Defendants. The parties had discussions or negotiations about Defendants' additional Claremore and Woodland Hills businesses as they were undertaken by Defendants but the parties did not enter into franchise agreements on these two businesses as they did on the four. Yet Defendants are using BURGER CHEF trademarks in these two new businesses. Written franchise agreements were not entered into on the two new businesses because of disputes between the parties over Defendants' furnishing required personal guarantees, payment of franchise fees for the two new businesses, whether there should be a transfer to these new businesses of franchise fees paid by Defendants for two earlier franchised businesses of Defendants in Tulsa which had been closed, Defendants' credit standing, arrearages in payments due Plaintiff under

---

1. The ownership, registration and validity of these trademarks pursuant to 15 U.S.C. § 1051 et seq. and 78 Okla.Stat. § 31 et seq. are not in dispute.

Defendants' four franchises and other less significant differences. It is clear from the evidence that Plaintiff's franchise requirements for the Claremore and Woodland Hills businesses have not been met by Defendants and such agreements have not been entered into. Ample time has passed for the parties to work out their differences but they have not been able to do so and Defendants are using Plaintiff's trademarks in the sale of products in their Claremore and Woodland Hills businesses without executing the required franchise agreements and without the consent of Plaintiff.

Due to the prior written franchise agreements between the parties and verbal claims of Defendants regarding how the Claremore and Woodland Hills businesses would be handled between them, there is an arguable dispute between Plaintiff and Defendants. But as Defendants have not executed the required franchise agreements on the Claremore and Woodland Hills stores permitting use there of the trademarks and as they are using Plaintiff's trademarks at the stores without the consent of Plaintiff, it is believed that Plaintiff has made the requisite showing of probable success on the merits at trial to warrant injunctive relief at this time. The various defenses raised by Defendants on the trial success issue are not persuasive in the present view of the Court.

As to irreparable injury, the Court concludes that trademarks backed by national advertising and other promotional expenses constitute property which can be irreparably injured by unauthorized use. Defendants' argument that Plaintiff could exercise quality control over the two stores but does not wish to do so is unavailing when consideration is given to the fact that the required franchise agreements have not been entered into between the parties though ample time for this to occur has passed. It seems clear that if the registered trademarks are to be protected against unauthorized use and the public also to be protected, both protections being inherent in the registration system, the requisite irreparable injury would flow from deliberate unauthorized use under the circumstances of this case. *Coit Drapery Cleaners v. Coit Drapery Cleaners of N.Y.*, 423 F.Supp. 975 (E.D. N.Y.1976); *Costandi v. AAMCO Automatic Transmissions, Inc.*, 456 F.2d 941 (Ninth Cir. 1972). Defendants' continued use of Plaintiff's trademarks is likely to cause confusion and deceive purchasers as to the source or origin of the products. *See Franchised Stores of New York, Inc. v. Winter*, 394 F.2d 664 (Second Cir. 1968); *Fotomat Corp. v. Photo Drive-Thru, Inc.*, 425 F.Supp. 693 (D.N.J.1977).

Hence, from the evidence presented the Court finds that Plaintiff has shown the requisite likelihood of success on the merits at trial and irreparable injury to its enjoyment of its registered trademarks if the requested preliminary injunction is not granted. Therefore, the same should be granted as requested against the Defendants for both the Claremore and Woodland Hills businesses upon Plaintiff giving security herein pursuant to Rule 65(c), Federal Rules of Civil Procedure, in the amount of $50,000.00 to be approved by the Court.

Plaintiff will present to the Court a suggested form of preliminary injunction together with the required security both to be entered herein upon final approval by the Court.