## WILLIAM INGLIS & SONS BAKING CO., a corporation, Plaintiff-Appellant,

v.

## ITT CONTINENTAL BAKING CO., INC., et al., Defendants-Appellees.

### No. 75–1570.

United States Court of Appeals, Ninth Circuit.

Nov. 28, 1975.

Rehearing and Rehearing En Banc Denied March 12, 1976.

Eugene C. Crew (argued), of Broad, Khourie & Schultz, Professional Corp., San Francisco, Cal., for plaintiff-appellant.

Charles E. Buffon (argued), of Covington & Burling, Washington, D. C., John T. Cusack (argued), of Gardner, Carton & Douglas, Chicago, Ill., Richard J. Archer (argued), of Sullivan, Jones &

Archer, San Francisco, Cal., for defendants-appellees.

## OPINION

Before BROWNING and CHOY, Circuit Judges, and SKOPIL,* District Judge.

SKOPIL, District Judge:

In 1971 William Inglis & Sons Baking Co. (Inglis) and four other wholesale baking companies filed this antitrust action against various competitors within relevant geographic markets in Washington, Oregon, and California. The complaint charged violations of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2; § 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13(a); §§ 3 and 7 of the Clayton Act, 15 U.S.C. §§ 14 and 18; and applicable state laws, including § 17000 et seq. of the California Unfair Practices Act (UPA), Cal.Bus. & Prof. Code § 17000 et seq.

In 1974 Inglis moved for a preliminary injunction in the Northern California market against five of the defendants: ITT Continental Baking Co., Inc., American Bakeries Company, Rainbo Baking Co. of Sacramento Valley, Kilpatrick's Bakeries, Inc., and San Joaquin Bakeries, Inc. The latter three defendants are subsidiaries of defendant Campbell Taggart, Inc. The preliminary injunction sought involved only alleged violations of § 2(a) of the Robinson-Patman Act and § 17000 et seq. of the California UPA.

The district court conducted extensive hearings on the motion, reviewed voluminous briefs submitted by the parties, and ordered preparation of cost studies by the defendants. On January 21, 1975, the court issued a memorandum opinion and order denying issuance of the preliminary injunction requested by Inglis. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.,* 389 F.Supp. 1334 (N.D.Cal.1975). Plaintiff appeals from that denial pursuant to 28 U.S.C. § 1292(a)(1). We vacate and remand.

Our disposition of this case makes a detailed discussion of the facts unnecessary. Basically, plaintiff contends that the defendants are guilty of discriminatory and below-cost pricing of their "private label" bread products.[1] As one of their defenses to these allegations, defendants assert that their bread prices were established in a good faith effort to meet competition. The meeting competition defense is a statutory defense to violations of both § 2(a) of the Robinson-Patman Act and the UPA.[2]

The district court stated that a plaintiff is entitled to a preliminary injunction only if the court finds that (1) the plaintiff will suffer irreparable injury if injunctive relief is not granted, (2) the plaintiff will probably prevail on the merits, (3) in balancing the equities, the defendants will not be harmed more than plaintiff is helped by the injunction, and (4) granting the injunction is in the public interest. See *Sierra Club v. Hickel,* 433 F.2d 24, 33 (9th Cir. 1970), aff'd, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); *C. Tennant & Sons, Inc. v. New York Terminal Conference,* 299

---

* The Honorable Otto R. Skopil, Jr., United States District Judge for the District of Oregon, sitting by designation.

1. "Private label" bread products are produced by the wholesale baker for sale under the retail grocer's own label rather than under a nationally-advertised brand label.

2. Section 2(b) of the Robinson-Patman Act, 15 U.S.C. § 13(b), provides in part as follows:

   "[N]othing herein contained shall prevent a seller rebutting the prima-facie case thus made by showing that his lower price or the furnishing of services or facilities to any purchaser or purchasers was made in good faith to meet an equally low price of a competitor, or the services or facilities furnished by a competitor."

Similarly, § 17050(d) of the California UPA, Cal.Bus. & Prof.Code § 17050(d), provides:

   "The prohibitions of this chapter against locality discriminations, sales below cost, and loss leaders do not apply to any sale made:

   "(d) In an endeavor made in good faith to meet the legal prices of a competitor selling the same article or product, in the same locality or trade area and in the ordinary channels of trade."

F.Supp. 796, 798–799 (S.D.N.Y.1969). The district court denied the injunction sought in this case because of its

"serious reservations as to the probability of success on the merits. In brief, while the evolution of this market does indicate a tendency toward monopoly, the court is unconvinced that the purpose of defendants [sic] conduct was to injure competition or monopolize." 389 F.Supp. at 1338.

Even assuming that Inglis had shown a prima facie violation of § 2(a) of the Robinson-Patman Act and the UPA, the court found that the defendants had adequately negated such violation by the meeting competition defense.

The grant or denial of a preliminary injunction is subject to reversal only if the lower court based its decision upon an erroneous legal premise or abused its discretion. *Douglas v. Beneficial Finance Co. of Anchorage,* 469 F.2d 453, 454 (9th Cir. 1972). As a court of appeals, our review is extremely limited:

"An appeal from an order granting or refusing an interlocutory injunction does not invoke the judicial discretion of the appellate court. The question is not whether or not that court in the exercise of its discretion would make or would have made the order. It was to the discretion of the trial court, not to that of the appellate court, that the law intrusted the granting or refusing of these injunctions, and the only question here is: Does the proof clearly establish an abuse of that discretion?" *Burton v. Matanuska Valley Lines,* 244 F.2d 647, 651 (9th Cir. 1957).

The district court was faced with the difficult task of resolving conflicting evidence in an extremely complex case. We are unable to find an abuse of discretion in its conclusion that plaintiff failed to satisfy the standard for granting a preliminary injunction applied by the district court.

There is, however, an alternative test that the district court did not apply. As the Second Circuit stated in *Charlie's Girls, Inc. v. Revlon, Inc.,* 483 F.2d 953, 954 (2d Cir. 1973): "One moving for a preliminary injunction assumes the burden of demonstrating *either* a combination of probable success and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor" (emphasis added). The alternative test was also stated in one of the cases cited by the district court, *C. Tennant & Sons, Inc. v. New York Terminal Conference, supra,* 299 F.Supp. at 799: "It is not necessary . . . that the moving party be reasonably certain to succeed on the merits. If the harm that may occur to the plaintiff is sufficiently serious, it is only necessary that there be a fair chance of success on the merits." See also *Semmes Motors, Inc. v. Ford Motor Company,* 429 F.2d 1197, 1205–1206 (2d Cir. 1970); *Hamilton Watch Co. v. Benrus Watch Co.,* 206 F.2d 738, 740 (2d Cir. 1953). This court has adopted the alternative test. *Costandi v. AAMCO Automatic Transmissions, Inc.,* 456 F.2d 941, 943 (9th Cir. 1972).

Since the district court did not consider whether a preliminary injunction should issue under the alternative test, we remand for a consideration of that question. In the event it becomes necessary, the district court shall also consider other questions bearing upon the propriety of injunctive relief not previously reached because of its conclusion that relief was barred in any event by plaintiff's failure to establish probability of success on the merits. We wish to make it unmistakably clear that in remanding for further consideration we intimate no position whatsoever as to whether a preliminary injunction should issue.

Reversed and remanded for proceedings consistent with this opinion.