MOTOR VESSELS THERESA ANN
et al., Appellees,

v.

**Juanita M. KREPS et al., Appellants.**

No. 77–1401.

United States Court of Appeals,
Ninth Circuit.

Feb. 24, 1977.

David B. Roe (argued), Environmental Defense Fund, Berkeley, Cal., Bruce C. Rashkow (argued), Peter R. Taft, Asst. Atty. Gen., Margaret Strand, Land & Natural Resources Division, Marine Resources Section, U.S. Dept. of Justice, Washington, D.C., for appellants.

Richard A. Paul (argued), William N. Kammer, Rudi M. Brewster, William E. Peterson, Gray, Cary, Ames & Frye, San Diego, Cal., for appellee.

David G. Burney, San Diego, Cal., for American Tuna Boat Association.

Before DUNIWAY, SNEED and KENNEDY, Circuit Judges.

## ORDER FOR PUBLICATION

Pending the appeal, the preliminary injunction issued by the District Court for the Southern District of California is stayed. The stay is to remain in effect until further order of this court.

The respondents have not demonstrated that the questions raised either indicate a probable resolution favorable to their position, or are sufficiently serious in the legal sense to meet the alternative standard of *Inglis v. ITT Continental Baking Co.*, 526 F.2d 86 (9th Cir. 1976). Moreover, we do not find that the "balance of hardships tips sharply in [the appellee's] favor." *Id.* at 88. Severe economic hardship to the tuna fishing industry is being imposed by the operation of the Marine Mammal Protection Act. However, promotion of the public interest, as reflected in the Act, must also be weighed. When this is done we are constrained to hold that the issuance of the injunction by the District Court constituted an abuse of discretion.

We so hold in full awareness that the effect of the legislative and executive actions affecting the tuna fishing industry

imposes substantial economic hardship on the appellees. Our stay of the District Court's preliminary injunction only reflects our belief that those hardships have their origin in the terms of the Marine Mammal Protection Act, 16 U.S.C. § 1361 et seq., which we can neither amend nor ignore.

■ The constitutional claims of the respondents must, in due course, be heard. For this purpose the District Court of the Southern District of California is a convenient and appropriate forum inasmuch as such claims were there first raised. Therefore, we do not stay all proceedings in that court but do observe that the District Court in proceeding to hear the constitutional claims should exercise its equitable powers in a manner that will not interfere with the complete and final disposition of the proceedings still pending in the District of Columbia. *See Committee For Humane Legislation, Inc. v. Richardson,* 414 F.Supp. 297 (D.D.C.), *aff'd in part and rev'd and remanded in part,* 176 U.S.App.D.C. 362, 540 F.2d 1141 (1976). Regulations for 1977 affecting the tuna fishing industry have not yet been promulgated pursuant to the Marine Mammal Protection Act. We do not understand that, when and if such regulations are promulgated, the proceedings in the District of Columbia would or could appropriately be used as a forum for challenging their validity.

The preliminary injunction is stayed.

KENNEDY, Circuit Judge, concurs in the result.