OMNIUM LYONNAIS D'ETANCHEITE ET REVETEMENT ASPHALTE et al., Plaintiffs,

v.

The DOW CHEMICAL COMPANY, Defendant.

EAGLE STAR INSURANCE COMPANY, LTD., et al., Plaintiffs,

v.

The DOW CHEMICAL COMPANY, Defendant.

Civ. A. Nos. 75–142–AAH, 75–618–AAH.

United States District Court, C. D. California.

Dec. 23, 1977.

Seth M. Hufstedler and John Sobieski, of Beardsley, Hufstedler & Kemble, William H. Levit, of Long & Levit, Los Angeles, Cal., and Robert E. Gooding, Jr., of Howard, Prim, Rice, Nemerovski, Canady & Pollak, San Francisco, Cal., for plaintiffs.

William F. McKenna, Michael D. Berk, I. Bruce Speiser, Edmond M. Connor, of McKenna & Fitting, Los Angeles, Cal., for defendant.

## COURT'S DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER AND PRELIMINARY INJUNCTION

HAUK, District Judge.

*Background*

Pursuant to STIPULATION AND ORDER RE REFERENCE AND HEARING ON ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, the hearing on the order to show cause for preliminary injunction was regularly set for hearing before the Special Master on October 18, 1977, at 10:00 a.m. in room 230 of the Courthouse and the temporary restraining order which was then in effect was continued in effect to and including such time as the Court should rule on the application for preliminary injunction after a hearing before the Court on December 20, 1977.

By stipulation of the parties, and by order of the Special Master, the hearing on the order to show cause for preliminary injunction was continued several times and, further by stipulation of all counsel, the temporary restraining order remained in effect.

The hearing on the order to show cause for preliminary injunction was heard by the Special Master on November 30, 1977, and December 1 and 2, 1977, and the Special Master has made his recommendations to the undersigned Honorable A. Andrew Hauk, United States District Judge of the above-entitled Court.

The Special Master has heard exhaustive argument, both orally and by written memoranda. In addition thereto, the Special Master has done independent research. Now the matter of the Preliminary Injunction has come on before this Court upon the Special Master's Recommendation, and for hearing of oral arguments of the parties on December 20, 1977, at 2:00 p. m., counsel of record appearing for all parties. After said arguments and the Court having fully considered the same as well as the documents filed in support of and in opposition to the Special Master's Recommendation; the Court having reviewed and considered all the records and files herein including the transcripts of prior proceedings before the Special Master and the Court; it appearing to the Court and the Court now finding that the Recommendation, findings of fact, contentions and conclusions of law set forth by the Special Master, and each of them, are supported by substantial evidence and,

accordingly, are not clearly erroneous; and the Court having approved, affirmed, accepted and adopted the same and made them its own; the Court now makes and enters its Decision, Findings of Fact, Conclusions of Law, Order and Preliminary Injunction.

## FINDINGS OF FACT

A brief recitation of pertinent facts considered and found by the Special Master in reaching his recommendations and which facts the Court has approved, affirmed, accepted, and adopted as its own herewith follows:

On January 12, 1976, the Court, in open court, indicated that it was the Court's intention that no dissemination and use of materials, documents and other things obtained by any of the parties through discovery hearing should be utilized in any of the parallel French actions until discovery was completed in the within consolidated action.

On January 7, 1977, the Court appointed the Honorable Victor R. Hansen as Special Master to, *inter alia*, supervise all discovery and make any and all orders necessary in respect thereto. 73 F.R.D. 114 (C.D.Cal. 1977).

The Special Master on January 27, 1977, issued a protective order, and on April 14, 1977, issued an amendment to such protective order so as to require, *inter alia*, that until such time as the Special Master enters a finding that all discovery has been completed herein, and unless otherwise ordered by the Special Master or the Court, none of the discovery materials, including, but not limited to, any and all documents, deposition transcripts and answers to interrogatories, which have been or will be produced or obtained during the course of the discovery proceedings in the within consolidated action, shall be disseminated, filed, submitted, introduced, incorporated, referred to, or otherwise published, orally or in writing, in whole or in part, by, or on behalf of, any party to this consolidated action, or any subrogee, assignee, successor, agent, repre-

sentative, or attorney thereof, in any civil action in France involving alleged claims concerning the Styrofoam roofing insulation product of The Dow Chemical Company ("Dow").

Declarations heretofore filed establish that plaintiffs have disseminated, filed, submitted, introduced, incorporated, referred to and otherwise published documents obtained from defendant Dow during the course of discovery in the within consolidated action in connection with the prosecution of various French actions, and, in one instance, the *Rocquencourt* case, plaintiffs SOPREMA and C.A.M.B. obtained a judgment in a parallel French action in which action such documents obtained from Dow had been disseminated and used by plaintiffs.

The Declaration of Eric Lauvaux Re Plaintiffs' Continued Use of Dow Documents in *Rocquencourt* and Other French Actions, dated July 29, 1977; the Declaration of Eric Lauvaux dated May 3, 1977; the Declaration of Ann-Marie Guillerme, dated May 3, 1977; the Declaration of Robert L. Simpson, Jr., dated April 29, 1977; and the Declaration of Robert L. Simpson, Jr., dated April 27, 1977, previously filed in the within consolidated action, establish that plaintiffs and their attorneys served copies and unsworn French translations of selected documents produced by Dow in the within consolidated action on all counsel of record in the *Rocquencourt* case in December, 1976; served new and sworn French translations of these same documents on all counsel in the *Rocquencourt* case on March 9, 1977; and formally introduced such copies and translations of such Dow documents at trial in the *Rocquencourt* case on April 20, 1977.

Those same declarations establish that plaintiffs refused to cooperate with Dow in seeking a revocation of *cloture* and/or an abatement of proceedings in the *Rocquencourt* case and that on May 26, 1977, after the District Judge had stated on May 4, 1977, and reiterated on May 9, 1977, that Dow's documents had been introduced in violation of orders entered in the within

consolidated action, plaintiffs procured a judgment and *execution provisoire* in the *Rocquencourt* case predicated on Dow's documents introduced in that action.

Those same declarations establish that plaintiffs opposed the application by Dow's French counsel to the Court of Appeals in Paris to stay the *execution provisoire* in the *Rocquencourt* case and that plaintiffs disseminated, in France and elsewhere, copies of the *Rocquencourt* decision and of the Dow documents introduced at the trial thereof.

The Declaration of Eric Lauvaux Re Commandement Avant Saisie, dated July 29, 1977, filed in the within consolidated action, establishes that on July 28, 1977, plaintiffs caused a *commandement avant saisie* dated July 28, 1977, to be served on the offices of Dow's French counsel in Paris requiring the *execution provisoire* in the *Rocquencourt* case to be paid by Dow France within 24 hours.

On June 1, 1977, at a hearing in the French action entitled *Asseco v. Dow Chemical France,* pending before the Tribunal de Grande Instance in Paris, commonly known as the *Dame Blanche* case, the assistant to Mr. Caston, one of the attorneys for various plaintiffs herein, including UAP, invited the court to order production of the 31 documents obtained by plaintiffs from Dow in the within consolidated action which Mr. Caston had introduced in the *Rocquencourt* action. Subsequently, and over the objection of Dow Chemical France, counsel for the plaintiffs in the *Dame Blanche* case requested the French court to order the defendant architects insured by UAP and Dow Chemical France to produce the 31 Dow documents. Thereafter, UAP was made a party to the *Dame Blanche* action, was ordered to produce the 31 Dow documents and delivered copies of the 31 Dow documents to the plaintiffs in *Dame Blanche,* which documents were delivered to and used by the court-appointed expert. On October 12, 1977, the court in *Dame Blanche* rendered a decision ordering Dow Chemical France to make a provisional pay-

ment to the plaintiffs in *Dame Blanche* in the amount of 340,000 Francs based upon the 31 Dow documents obtained by plaintiffs in the within consolidated actions.

On October 18, 1977, the plaintiffs in the *Dame Blanche* case caused a *commandement de payer* to be served on Dow Chemical France ordering the payment of 340,000 Francs. On November 2 and 3, 1977, plaintiffs in the *Dame Blanche* case caused to be served on a bank used by Dow Chemical France the necessary papers to effect a *saisie-arret,* thereby seeking to effect the seizure of bank accounts maintained by Dow Chemical France in satisfaction of the aforementioned order to pay.

On October 20, 1977, Mr. Caston, over the objections of Dow Chemical France, presented oral argument to the French court in 4 parallel French actions pending before the Second Section of the Seventh Chamber of the Tribunal de Grande Instance in Paris (cases OA–8, A–1, A–23 and A–45), regarding the claimed importance and relevance of the 31 Dow documents obtained by plaintiffs in the within consolidated actions, at the conclusion of which argument, Mr. Caston submitted for the court's consideration copies of the 31 Dow documents. On November 7, 1977, and over the objections of Dow Chemical France, Mr. Caston orally pleaded in 13 consolidated French actions, 12 of which are parallel French actions, at a trial on the merits before the First Section of the Seventh Chamber of the Tribunal de Grande Instance in Paris, urging the French court to consider the 31 Dow documents in rendering its decision. At the conclusion of his oral pleadings, during which Mr. Caston discussed in detail each of the 31 Dow documents, Mr. Caston, again over the objections of Dow Chemical France, introduced the documents into evidence by submitting copies, together with French translations thereof, to the court as part of his trial dossier.

Further, this Court herein now finds that plaintiffs have utilized and abused the jurisdiction of this Court by wrongfully and prematurely disseminating and using in civ-

il actions in France documents produced by Dow during discovery proceedings in the case herein, in direct and obvious violation of the express intent and intentions of the District Judge and in failure to enforce the specific orders of the Special Master, all of which were designed and made and entered to ensure and regulate fair, mutual and complete discovery herein.

## CONCLUSIONS OF LAW

*Contentions*

Defendant claims irreparable injury will be suffered unless injunctive relief is ordered to remedy the plaintiffs' violations of the Court's express intent and intentions and the specific orders of the Special Master. Defendant claims it has no adequate legal remedy, and will suffer irreparable harm, because if plaintiffs execute on Dow's account or attach its property, the day-to-day operations will be seriously adversely affected. Defendant claims the equities are in Dow's favor, because the wrongful actions were undertaken by plaintiffs, and the bond previously posted by Dow will amply secure plaintiffs. Dow claims the Court has the power to grant the requested relief, inasmuch as it has personal jurisdiction over the parties; that Federal courts frequently prohibit disclosure of evidence discovered through their processes; and that it would be proper in this case because it would be necessary to regulate discovery and to enforce the express intent and intentions of the Court and the orders of the Special Master respecting the use of the discovered material.

Plaintiffs contend that Dow has made no showing of irreparable injury. They also claim that issuance of the injunction would cause irreparable harm to plaintiffs and therefore the balance of equities is in the plaintiffs' favor. They assert the injunction would disrupt the French insurance industry and cause delay and confusion in the French courts, in violation of principles of comity and issuance of the injunction against the parties before the French court is, in effect, against the foreign court itself,

and thus would seriously impair the ability of the French courts to dispense justice to French litigants. They state that such action should only be taken with great reluctance, and sparingly, and with care and great restraint. Plaintiffs claim California law prohibits the issuance of an injunction to stay a judicial proceeding which is already pending at the time the injunction is demanded, except to prevent multiplicity of actions. Plaintiffs assert that the injunction is not necessary to enforce the Court's orders.

*Irreparable Injury*

Both parties have cited *Inglis & Sons Baking Co. v. State Continental Baking Co., Inc.*, 526 F.2d 86 (9th Cir. 1975):

"As the Second Circuit stated in *Charlie's Girls, Inc. v. Revlon, Inc.*, 483 F.2d 953, 954 (2d Cir. 1973): 'One moving for a preliminary injunction assumes the burden of demonstrating *either* a combination of probable success and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor' (emphasis added). The alternative test was also stated in one of the cases cited by the district court, *C. Tennant & Sons Inc. v. New York Terminal Conference*, supra, 200 F.Supp. at 799: 'It is not necessary . . . that the moving party be reasonably certain to succeed on the merits. If the harm that may occur to the plaintiff is sufficiently serious, it is only necessary that there be a fair chance of success on the merits.' See also *Semmes Motors, Inc. v. Ford Motor Company*, 429 F.2d 1197, 1205–1206 (2d Cir. 1970); *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1953). This court has adopted the alternative test. *Costandi v. AAMCO Automatic Transmissions, Inc.*, 456 F.2d 941, 943 (9th Cir. 1972).

"Since the district court did not consider whether a preliminary injunction should issue under the alternative test, we remand for a consideration of that question. In the event it becomes necessary, the district court shall also consider other questions bearing upon the proprie-

ty of injunctive relief not previously reached because of its conclusion that relief was barred in any event by plaintiff's failure to establish probability of success on the merits." 526 F.2d at 88.

Plaintiffs' claim that Dow has failed to demonstrate that enforcement of French actions in which *Omnium* discovery has been used would threaten it with irreparable injury or hardship is not supported by the evidence. It is not an answer to say that payment of the *Rocquencourt* judgment of $120,000 would not render Dow insolvent, nor is it pertinent to say the plaintiffs in *Rocquencourt* are financially solvent and therefore presumably capable of repaying the judgment should it be necessary for them to do so. Certainly execution being levied not only in the *Rocquencourt* case but in other French cases would be disruptive and damaging to Dow.

*Comity*

▇ The question involving the application of the rule of comity is answered by the authorities holding that a district court has the personal jurisdiction before it to enjoin that party or entity from committing acts elsewhere, particularly when it is necessary to preserve the integrity of the Court's own orders. See *Cole v. Cunningham*, 133 U.S. 107, 121, 10 S.Ct. 269, 33 L.Ed. 538 (1890); *Philp v. Macri*, 261 F.2d 945, 948 (9th Cir. 1958): ". . . a court which has jurisdiction of the parties has the power to enjoin them from proceeding with an action or enforcing a judgment in the court of another state or country." See also *United States v. First National City Bank*, 379 U.S. 378, 384–85, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965).

There is no substantial evidence to support the plaintiffs' assertions that the injunction would disrupt the French insurance industry and cause confusion in the French courts.

\* \* \* \* \* \*

▇ It appears that this is a proper case for the granting of a preliminary injunction; that unless the preliminary injunction is granted as prayed for, Dow will be greatly and irreparably injured; that the preliminary injunction is necessary in the public interest to protect this Court's jurisdiction, to enforce its express intent and intentions and the specific orders of the Special Master as aforesaid, and to ensure mutuality of discovery in the within consolidated action; that Dow does not have an adequate legal remedy to redress the injury that would be suffered if this Court did not grant the preliminary injunction; and that plaintiffs will not suffer substantial injury if the preliminary injunction is granted.

### ORDER

Based on the foregoing, and good cause appearing from the entire record herein, it is hereby ordered that a preliminary injunction in form, words and content be issued and entered as hereinbelow set forth.

### PRELIMINARY INJUNCTION

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Plaintiffs, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, are enjoined and restrained during the pendency of the within consolidated action, or until further order of this Court, from seeking or otherwise causing the enforcement of, or satisfaction of, any judgment, or the French equivalent thereof, whether or not final, obtained in any civil action in France involving alleged claims against Dow's Styrofoam roofing insulation product (including, but not limited to, those parallel French actions identified in the schedules accompanying and incorporated into the Complaint in Civil Action No. 75–142–AAH and the First Amended Complaint in Civil Action No. 75–618–AAH, which actions are scheduled on Exhibit 1 to Pretrial Order Number 2), in which French civil action any discovery materials obtained from Dow in this consolidated action have been disseminated, filed, submitted, introduced, incorporated, referred to, or otherwise published in the proceedings by

any of the parties to the within consolidated action, or any of their officers, agents, servants, employees or attorneys, or any persons in active concert or participation with them; and, further, from disseminating, filing, submitting, introducing, incorporating, referring to or otherwise publishing any such discovered materials in any of the aforesaid civil actions in France or in any other action or proceeding except before this Court in the within consolidated action.

2. Security pursuant to Rule 65(c), Federal Rules of Civil Procedure, is set in the amount of $100,000.00.

3. The Clerk of Court shall effect service hereof forthwith upon all counsel of record for all parties herein.