## MILWAUKEE RENTALS, INC., Plaintiff,

### v.

## BUDGET RENT A CAR CORP., Defendant.

### No. 80–C–671.

United States District Court, E. D. Wisconsin.

Sept. 12, 1980.

Randall Sandfort, Philipp & Sletteland, Milwaukee, Wis., for plaintiff.

Robert A. Christensen, Michael A. Bowen, Foley & Lardner, Milwaukee, Wis., for defendant.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the plaintiff's motion for a preliminary injunction. There is also a motion, brought by the defendant, for summary judgment. The motion for summary judgment has not been fully briefed as yet and will not be dealt with in this decision. The plaintiff's motion for preliminary injunction will be denied.

The plaintiff conducts a rental car business in southeastern Wisconsin under a franchise from the defendant, Budget. In conjunction with its franchise arrangement, Budget maintains a nationwide reservation referral system. As part of this system, Budget forwards reservations for rental cars to the plaintiff. This system is now computerized, with a toll–free nationwide phone number. Since November, 1979, the parties have been embroiled in a dispute over whether the plaintiff must pay a fee for each reservation forwarded. The plaintiff had paid such a fee for several years, but has now refused, citing its original franchise contract of 1968 as authority for this refusal. The dispute came to a head on July 21, 1980, when a representative of the defendant indicated in a letter to the plaintiff that if the plaintiff did not pay the charges in dispute, and agree to continue to pay, Budget would discontinue reservation referrals from its computer center as of July 31, 1980. That letter precipitated this lawsuit.

The plaintiff seeks to have the court preliminarily enjoin the defendants from terminating the reservation service provided to the plaintiff. The defendant has not yet discontinued its referral service, pending resolution of this motion.

Four prerequisites must exist for a preliminary injunction to issue under Rule 65 of the Federal Rules of Civil Procedure: (1) the plaintiffs have no adequate remedy at law and will be irreparably harmed if the injunction does not issue; (2) the threatened injury to the plaintiffs outweighs the threatened harm the injunction may inflict on the defendant; (3) the plaintiffs have at least a reasonable likelihood of success on the merits; and (4) the granting of a preliminary injunction will not disserve the public interest. *Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir. 1976).

The defendant has chosen to file a memorandum which combines its arguments against the preliminary injunction and in support of its motion for summary judgment in one document. Thus it is difficult to determine which arguments are intended to apply to which motion. The main contention of the defendant appears to be that the plaintiff has not demonstrated a reasonable likelihood of success on the merits, the third prerequisite under *Fox Valley.*

The plaintiff has alleged two causes of action. The first is that between 1974 and 1979 the defendant collected over $150,000 from the plaintiff for car reservations forwarded by the defendant in violation of the prime license agreement between the parties executed in 1968. These sums were charged and paid pursuant to a 1974 agreement between the parties regarding the reservation services; the plaintiff now contends that the 1974 agreement was invalid, because no consideration existed for it.

The plaintiff has failed to persuade the court that it has a reasonable likelihood of succeeding with its first claim. Over six years have passed since the agreement was executed, and during that period the plaintiff paid all the sums required of it. Budget has put forward several defenses to this cause of action which cast doubt on the plaintiff's prospects for success with this first claim. This cause of action will not support the issuance of a preliminary injunction.

Milwaukee Rentals' second cause of action alleges that the defendant has indicated that it will no longer forward reservations to the plaintiff from its computerized network because the plaintiff has refused to pay the required fee. The plaintiff contends that this would violate the 1968 prime license agreement, in violation of Wis.Stat. § 135.03. Section 135.03 prohibits the substantial alteration of the competitive circumstances of a dealership agreement without good cause and places the burden of proof on the issue of good cause on the grantor of the franchise, here the defendant.

The plaintiff must demonstrate a reasonable likelihood of success on this claim before this court will employ its equitable powers to intrude on the relations between the parties. The plaintiff argues that once the 1974 agreement expired, the relation-

ship between the parties was once again governed by the 1968 agreement, which provides that Budget will forward reservations to the plaintiff at no charge. Milwaukee Rentals contends that there is no need to look beyond the 1968 agreement and states that it would object to the introduction of any other agreement than the 1968 one. The plaintiff's right to exclude the 1974 agreement from the court's consideration is far from certain.

The defendant contends, along with several other defenses, that the 1974 agreement was entered into as the result of circumstances radically different from those existing when the parties executed the 1968 agreement, and that the 1974 agreement was actually the successor to a 1970 agreement relating to the reservation services. In addition, the 1974 agreement contains this language:

"The undersigned agrees that by entering into this Agreement BUDGET has satisfied its obligations, if any it may have, to the undersigned as may be set forth in the undersigned's BUDGET License or Sublicense Agreement pursuant to which BUDGET may be required to maintain a reservation system for and on behalf of its Licensees and Sublicensees, and to maintain reservation offices in New York, Chicago and Los Angeles.

"This Agreement supersedes any and all prior Agreements affecting the subject matter herein."

The defendant claims that these clauses indicate the changed circumstances and demonstrate that the 1968 agreement relied upon by the plaintiff is no longer valid. Budget further argues that it has honored the spirit of the 1968 agreement, since its present practice provides more than the required service and is far more costly to the defendant than the services required under the 1968 agreement. This argument calls into question much of what the plaintiff has asserted in its second cause of action and may well demonstrate sufficient good cause to justify termination from Budget's computerized reservation system.

The defendant has made several other arguments based on various principles of contract law, estoppel, laches, and commercial frustration. These need not be discussed in detail, since for the purposes of this motion it is sufficient to note that there are varying degrees of merit to these defenses to the plaintiff's claims.

■ I am not prepared to find that the plaintiff has demonstrated a reasonable likelihood of success on the merits sufficient to satisfy the *Fox Valley* requirement. Without prematurely adjudicating matters not properly before the court, I believe that the defendant's defenses to the plaintiff's second cause of action have sufficient merit so that a preliminary injunction should not issue in this case.

■ The plaintiff devoted much of its brief to a discussion of the irreparable harm that will result if this injunction is not granted. It cites *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197 (2d Cir. 1970); *Wm. Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 526 F.2d 86 (9th Cir. 1975), and *Fox Valley* to support its contention that once irreparable injury has been demonstrated, the factor of likelihood of success on the merits must diminish in importance in the equitable balancing process. This is accurate, but the requirement does not entirely fade away. See *Fox Valley*, p. 1098. Although the defendant's arguments on the question of irreparable injury have some cogency, I am satisfied that the plaintiff has carried its burden on this point. This is not enough, however, for the plaintiff's failure to establish a reasonable likelihood of success on the merits has weighed the balance regarding the preliminary injunction in favor of Budget.

Accordingly, IT IS ORDERED that the plaintiff's motion for a preliminary injunction be and hereby is denied.