Amy Emiko KADOMATSU, by her Guardian Ad Litem Hiroshi Kadomatsu, Rene Villasenor, by his Guardian Ad Litem Sylvia Maria Villasenor, Plaintiffs,

v.

SUPERIOR COURT OF the STATE OF CALIFORNIA FOR the COUNTY OF LOS ANGELES; Board of Education of the City of Los Angeles; The Honorable Judge Paul Egly; Edward Hamilton; Dr. Francine Rabinovitz; HRS, Inc., Defendants.

No. CV 80–4129–AAH(KX).*

United States District Court,
C. D. California.

Oct. 6, 1980.

Sanford Levenberg, Santa Monica, Cal., for plaintiffs.

Nossaman, Krueger & Marsh by Richard D. Fybel and Charles S. Vogel, Los Angeles, Cal., for defendants Superior Court, Egly, Hamilton, Rabinowitz and HRS, Inc.

McCutchen, Black, Verleger & Shea by Peter W. James, Los Angeles, Cal., for defendant Board of Education.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW (LOCAL RULE 7; FRCP 52)

HAUK, District Judge.

On September 18, 1980, plaintiffs Amy Emiko Kadomatsu, by her Guardian Ad Litem Hiroshi Kadomatsu, and Rene Villasenor, by his Guardian Ad Litem Sylvia Maria Villasenor ("plaintiffs"), filed a Complaint against defendants alleging violation of the Civil Rights Law (42 U.S.C. §§ 1983 and 1985(3)) and seeking injunctive relief as particularly described herein. Concurrently with filing of their Complaint, plaintiffs filed an Application for Temporary Restraining Order seeking to restrain defendants from "implementing and applying a mandatory busing plan as presently ordered by the Los Angeles Superior Court, to Playa del Rey Elementary School."

On September 18, 1980, in the above–entitled Court, before The Honorable A. Andrew Hauk, United States District Judge, the Application for Temporary Restraining Order came on for hearing. Sanford Levenberg appeared as attorney for plaintiffs. Nossaman, Krueger & Marsh, by Charles S. Vogel and Richard D. Fybel, appeared as attorneys for defendants Superior Court of the State of California for the County of

---

* Editors note: A similar order was entered by A. A. Hauk in *Kaisaki v. Superior Court of State* *of California for County of Los Angeles* (Oct. 6, 1980) No. 80–4130–AAH.

Los Angeles, The Honorable Judge Paul Egly, Edward Hamilton, Dr. Francine Rabinovitz and HRS, Inc. McCutchen, Black, Verleger & Shea, by Peter W. James, David T. Peterson and Jerry F. Halverson, appeared as attorneys for defendant Board of Education of the City of Los Angeles. Fred Okrand appeared and was admitted by the Court as amicus curiae for defendants.

On September 18, 1980, the Court read and considered plaintiffs' Complaint, the Application for Restraining Order specifically including the Declaration of Sanford Levenberg and exhibits thereto and the Affidavit of Robert P. Shaffer. The Court also heard and considered oral argument of plaintiffs' and defendants' counsel made at the hearing.

In accordance with Rule 52 of the Federal Rules of Civil Procedure and Local Rule 7(a), the Court sets forth its findings of fact and conclusions of law as follows:

*FINDINGS OF FACT*

1. Plaintiffs are citizens and residents of the State of California, residing within this district and attending Playa del Rey Elementary School within the City and County of Los Angeles.

2. Defendant Los Angeles Board of Education is a department of the municipal government of the City of Los Angeles.

3. The Honorable Judge Paul Egly and the Superior Court of the State of California in and for the County of Los Angeles are, respectively, an employee of and a branch of the government of the State of California.

4. Defendants Dr. Francine Rabinovitz and Edward Hamilton are citizens and residents of the State of California residing within this district and are employees of co-defendant HRS, Inc. Defendants Rabinovitz, Hamilton and HRS, Inc. are the Superior Court's appointed monitors in connection with the busing plan at issue herein.

5. Plaintiffs in their complaint seek a temporary restraining order, a preliminary injunction and a permanent injunction enjoining defendants from implementing the mandatory busing plan ordered by Judge Egly of the Los Angeles Superior Court as it applies to Playa del Rey Elementary School ("Playa del Rey"). Playa del Rey is an elementary school located in Court Area 5 and was ordered by the Los Angeles Superior Court on August 25, 1980 to be a participant in a busing plan which involves a "cluster" of elementary schools consisting of Castle Heights Elementary School, Richland Avenue Elementary School, Playa del Rey and 54th Street Elementary School. Pursuant to this busing plan, the minority enrollment at 54th Street School will decrease from 100% to 68.4%, according to plaintiffs' Declaration.

6. Classes at Playa del Rey commenced on September 16, 1980. Thus, the hearing herein and plaintiffs' application for injunctive relief by temporary restraining order occurred on the third day of school at Playa del Rey, September 18, 1980.

7. On September 12, 1980, Mr. Justice Rehnquist issued an opinion in his capacity as Circuit Judge for the Ninth Circuit in *Board of Education of City of Los Angeles v. Superior Court of California, County of Los Angeles (Mary Ellen Crawford, real party in interest).* (—— U.S. ——, 101 S.Ct. 21, 65 L.Ed.2d 1166). Justice Rehnquist denied the request of The Board of Education of the Los Angeles Unified School District (a defendant herein) to "stay an order of the California Supreme Court, dated August 27, 1980, which left standing an order of [Judge Egly of] the Superior Court of the State of California for Los Angeles County requiring mandatory reassignment of between 80,000 and 100,000 first through ninth grade students attending approximately 165 elementary and junior high schools pending consideration by the United States Supreme Court of its petition for certiorari." (—— U.S. ——, 101 S.Ct. 21).

8. In Justice Rehnquist's order denying the stay, he reviewed the history of *Crawford v. Board of Education,* 17 Cal.3d 280, 130 Cal.Rptr. 724, 551 P.2d 28 (1976). Justice Rehnquist concluded that: " . . . a stay granted less than a week before the scheduled opening of school, when school officials

and state courts are still trying to put in place the final pieces of a plan, would not be a proper exercise of my function as a Circuit Justice, even though were I voting on the merits of a petition for certiorari challenging the plan I would, as presently advised, feel differently. The application for a stay is accordingly denied." (—— U.S. at ——, 101 S.Ct. at 24).

9. On September 16, 1980, the California Supreme Court in *Crawford, etc. et al. v. The Court of Appeal, Second Appellate District; Board of Education, City of Los Angeles et al., Real Parties in Interest* decided, in pertinent part: "Under this court's decision in *Crawford v. Board of Education* (1976) 17 Cal.3d 280, 130 Cal.Rptr. 724, 551 P.2d 28, on remand of this case it is the trial court, rather than the defendant school board, that has the initial responsibility for supervising the formulation and implementation of a reasonably feasible desegregation plan. Under the circumstances, we find that the trial court's order of September 12, 1980 represents a valid exercise of the court's broad equitable discretion. Accordingly, the petitions seeking to stay the effect of that order pending appeal are denied."

10. There is no probability of success by plaintiffs on the merits in this case.

11. Plaintiffs will not suffer irreparable injury if they are not granted injunctive relief herein.

12. In balancing the equities and hardships, the balances tip very sharply in favor of defendants, and each of them. If the injunctive relief requested was granted, defendants would be put in a terrible and intolerable situation and irreparable and great harm would occur to the Los Angeles School District's school children, minority population, minority school children, the School Board and its staff at this late, intense time.

13. The public interest is best served and requires denial of the injunctive relief requested.

## CONCLUSIONS OF LAW

A. The Court concludes in all respects as hereinabove set forth in its Findings of Fact.

B. This action is brought under, and the Court has jurisdiction of this action pursuant to, 28 U.S.C. § 1343(4) and 42 U.S.C. §§ 1983, 1985(3).

C. Plaintiffs' application and prayer for injunctive relief by temporary restraining order, preliminary injunction and permanent injunction, and each of them, should be and is hereby denied in their entirety. *Crawford v. Board of Education*, 17 Cal.3d 280, 130 Cal.Rptr. 724, 551 P.2d 28 (1976); the recent decisions by Justice Rehnquist and the California Supreme Court, *supra; Sierra Club v. Hickel*, 433 F.2d 24, 33 (9th Cir. 1970), aff'd 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); *Wm. Inglis & Sons Baking v. ITT Cont. Baking Co.*, 526 F.2d 86 (9th Cir. 1975); *King v. Saddleback Junior College District*, 425 F.2d 426, 427 (9th Cir. 1970), *cert. denied*, 404 U.S. 979, 92 S.Ct. 342, 30 L.Ed.2d 294 (1970); *County of Santa Barbara v. Hickel*, 426 F.2d 164, 168 (9th Cir. 1970); *Sierra Club v. Hathaway*, 579 F.2d 1162, 1167 (9th Cir. 1978); *Kass v. Arden–Mayfair, Inc.*, 431 F.Supp. 1037, 1041 (C.D.Cal.1977).

D. Plaintiffs and defendants, and each of them, have stipulated and the Court concludes that the applications for temporary restraining order and preliminary injunction may be and are consolidated with this trial on the merits for a permanent injunction. Plaintiffs do not seek damages on this case.

E. Plaintiffs shall take nothing on their Complaint. Defendants Superior Court of the State of California for the County of Los Angeles; Board of Education of the City of Los Angeles; The Honorable Judge Paul Egly; Edward Hamilton; Dr. Francine Rabinovitz; and HRS, Inc. are entitled to judgment on the Complaint and to recover of the plaintiffs their costs of action herein.