IT IS FURTHER ORDERED that this action be and is DISMISSED with prejudice.

James **STEWART,** Jeffrey Schwartz, and Friends of the Post Office, an unincorporated association, Plaintiffs,

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

No. C–80–3983 SC.

United States District Court, N. D. California.

Dec. 23, 1980.

---

* The Ninth Circuit has recently adopted a slightly different interpretation of § 6503(b) in the context of a probate proceeding. *United States v. Silverman,* 621 F.2d 961 (9th Cir. 1980). However, *Silverman* stressed that there were certain differences between a bankruptcy proceeding and a probate proceeding which compelled the difference in application of § 6503(b).

** The government also urges this Court not to adopt the holding of *United States v. Verlinsky,* 459 F.2d 1085 (5th Cir. 1972), in which the Fifth Circuit held that the limitations period is suspended under § 6503(b) only until six months

after the discharge of the bankrupt, not until six months after termination of the bankruptcy proceeding. According to the defendant's answer to plaintiff's complaint, defendant was discharged from the bankruptcy proceeding on February 2, 1973. Aside from the fact that this Court has no evidence before it on which to make a finding as to the date of defendant's discharge (there was no allegation in the complaint as to date of defendant's discharge), the Court does not find *Verlinsky* as persuasive as *McAuley.*

John M. Collins, Decker & Collins, San Jose, Cal., for plaintiffs.

John F. Barg, Asst. U. S. Atty., San Francisco, Cal., for defendant.

CONTI, District Judge.

This is an action to restrain the United States Postal Service from further construction of a postal facility in Saratoga, California. Plaintiffs, including two residents of the City of Saratoga and a non-profit, unincorporated association, originally brought suit in State court to obtain an injunction against the construction of the postal facility. On October 21, 1980 the Honorable Bruce Allen of the Superior Court for Santa Clara County issued a temporary restraining order halting construction and ordering the Postal Service to show cause why a preliminary injunction should not issue.

On October 22, 1980 the United States Attorney, acting on behalf of the Postal Service, removed the action to Federal court. The following day, the Postal Service moved for an order dissolving the temporary restraining order, which was granted by the court on October 24, 1980. Plaintiff's application for a preliminary injunction was then heard by the court.

In moving for an injunction, plaintiffs relied on three contentions: the Postal Service was being constructed in violation of city zoning ordinances and codes and without regard to the city's design and architectural review process; the Postal Service failed to comply with the requirements of the Intergovernmental Cooperation Act, 42 U.S.C. § 4201 et seq.; and the Postal Service failed to comply with the National Environmental Policy Act, 42 U.S.C. § 4321 et seq. Defendant argued that it is exempt from the requirements of the Intergovernmental Cooperation Act and the National Environmental Policy Act and that it had fully complied with the Acts in any case. It was also argued that the local zoning and building review ordinances were not applicable to federal projects.

Both sides thoroughly briefed their legal positions and presented affidavit testimony and documentary evidence. The parties agreed at the hearing on the motion for a

preliminary injunction that the court could treat the motion as one for preliminary and permanent injunctive relief inasmuch as no further evidence would be offered on behalf of any party. After carefully examining the evidence, reviewing the papers and pleadings on file, and considering the arguments of counsel, the court hereby makes the following Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1. The affidavit testimony of Robert P. Graves, Postmaster of the Saratoga Post Office, establishes, and the court finds, that the existing Saratoga Post Office has inadequate facilities to service Saratoga postal patrons. There is inadequate work space, overcrowding, and inadequate storage space, causing congestion and hazardous working conditions.

2. The existing truck loading dock is congested and no longer suitable for safe operation. The location of the post office is in an area of high traffic volume and congestion, and only eight parking spaces are available for postal customers.

3. In September of 1977, the Postal Service initiated plans to purchase a new site and construct a new facility. In October of 1977, the District Manager of the Postal Service wrote to the Mayor of Saratoga describing the plan and soliciting his suggestions and comments. Thereafter, the Postal Service held numerous meetings with Saratoga City officials to discuss the proposed project.

4. The Postal Service met with the City Counsel proposing to buy and build on either of two city owned sites in September of 1978. The city rejected the proposal. The Postal Service then commenced negotiations for other suitable sites, finding a site considered acceptable on Cox Avenue. However, before final action was taken by the Postal Service on the Cox Avenue site, it was contacted by the Saratoga Union School District concerning the possible sale of surplus property at Redwood Junior High School. A Postal Service site selection committee considered the various sites available and concluded that the Cox Avenue site was the most desirable, and the appropriate state and local governmental agencies were notified of the Service's plans for that site.

5. The following month, May 1979, the Saratoga City Manager wrote to the Postal Service saying that the City Counsel supported construction on the Redwood School site. The City felt that a facility on that site would best meet the needs of the community in view of its central location and controlled access. The City asked the Postal Service to officially reconsider its decision to build on the Cox Avenue site and to work with the City to develop a mutually satisfactory project on the Redwood School site. The Postal Service agreed to do so.

6. The Postal Service hired an environmental consultant to prepare an environmental assessment pursuant to NEPA. In November of 1979, an Expanded Environmental Assessment was submitted by the consultant. The Assessment was reviewed by the Postal Service and forwarded to the Mayor of Saratoga and to state and local clearinghouses. Based on the assessment, a Finding of No Significant Impact was signed by an appropriate postal official declaring that the proposed facility would have no significant adverse effect on the environment and concluding that it would not require the preparation of an Environmental Impact Statement.

7. In March of 1980, the City Planning Commission met to discuss the Post Office project. The planning commission staff had advised that the proposed location was in accord with the objectives of the city zoning ordinance and the purposes of the district in which it was located. The planning commission met and approved a use permit for the project the following month. Upon appeal of the decision, the City Council conditioned the permit upon a design review of the project by the City.

8. In June of 1980 the Postal Service and School District closed the sale of the school property, in the amount of $519,-

421.00 for approximately two acres of land. A construction contract was awarded on September 10, 1980 and construction began immediately.

9. The Postal Service made several changes to the plans and specifications in response to concerns and suggestions of the City, including the use of a redwood exterior, a modification in landscape, and energy conservation features. The City also suggested rotation of the building on the site to ameliorate traffic flow problems. The Postal Service accepted this suggestion as well, and incorporated it into its plans.

10. In their lawsuit, plaintiffs argue that the Postal Service has not complied with the Intergovernmental Cooperation Act, 42 U.S.C. § 4201 *et seq.* The facts before the court are to the contrary. The court finds that the Postal Service fully considered the views of the City in reaching its decision to build on the Redwood School site and with respect to design of the building itself. The record reflects numerous conferences and meetings between the City and the Postal Service demonstrating cooperation from the very outset of the project. Therefore, plaintiffs have failed to fulfill their burden of proof that the Postal Service did not comply in any respect with the provisions of the Act.

11. Plaintiffs also contend in their law suit that the Postal Service failed to comply with the provisions of the National Environmental Policy Act, 42 U.S.C. § 4231 *et seq.* The court finds that construction of this facility will not have a significant impact on the environment. Plaintiffs argue that defendant's failure to comply with City zoning requirements in itself constitutes significant impact. Although plaintiffs failed to fulfill their burden of proving violation of a zoning ordinance, the primary question to be addressed is whether the construction will have a significant environmental impact. In any case, violation of a zoning ordinance, even if proven, would not necessarily establish adverse environmental impact. See, *Groton v. Laird*, 353 F.Supp. 344 (D.Conn.1972). The court is satisfied that the project will not

have a significant environmental impact and that the Postal Service's finding of no significant impact, based on the expanded assessment, was neither arbitrary nor capricious.

12. Finally, plaintiffs contend that the Postal Service must comply with the City's zoning ordinances and that it has failed to do so, entitling plaintiffs to an injunction. As stated above, plaintiffs have failed to show Postal Service violation of the City zoning ordinance because the Postal Service merely constructed its facility on the site proposed by the City itself. But even if plaintiffs had fulfilled their burden of demonstrating a violation of a local ordinance, the court finds that the Postal Service as an agency of the United States of America need not comply with local ordinances to the extent that they are in conflict with federal law. Existing federal law does not require Postal Service compliance with local ordinances, and in fact grants the Postal Service exemption from certain of those laws. If Congress wants the Postal Service to comply with local ordinances, it will specifically enact such a statute. At the present time, the Postal Service, by virtue of the Supremacy Clause of the United States Constitution, need not comply with local ordinances inconsistent with federal law.

Based upon the above findings, plaintiffs have failed to demonstrate a likelihood of success on the merits, that the balance of hardships tips in their favor, or that the public interest would be served best by granting an injunction. Hence, the court finds that plaintiffs are not entitled to a preliminary or permanent injunction.

## CONCLUSIONS OF LAW

1. The court considered whether plaintiffs were entitled to a preliminary and permanent injunction against the United States Postal Service under either of two legal standards. Under the tripartite test, a plaintiff must (1) establish a strong likelihood of success on the merits; (2) show a balance of irreparable harm in their favor;

and (3) show that the public interest favors granting the injunction. *National Wildlife Federation v. Adams*, 629 F.2d 587 (9th Cir. 1980) citing *Warm Springs Task Force v. Gribble*, 565 F.2d 549, 551 (9th Cir. 1977); *Sierra Club v. Hathaway*, 579 F.2d 1162, 1167 (9th Cir. 1978).

2. The court also considered the alternative test set forth in *William Inglis and Sons Baking Co. v. ITT Continental Baking Co.*, 526 F.2d 86, 88 (9th Cir. 1975) which requires plaintiffs to demonstrate either a combination of probable success and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in their favor.

3. Plaintiffs have failed to meet their burden under either test, since they have not shown any likelihood of success on the merits, nor have they demonstrated that the balance of hardships tips in their favor.

4. Finally, to the extent that plaintiffs claim entitlement to injunctive relief by virtue of the Postal Service's failure to comply with the City's zoning ordinances, the court is of the opinion that the Supremacy Clause obviates the need for such compliance where the ordinances conflict with federal law. Since the functions of the Postal Service are hampered by compliance with such local zoning requirements, the Postal Service need not comply with Saratoga's local ordinances. See, *United States v. City of Pittsburg*, 467 F.Supp. 1080 (N.D. Cal.1979).

5. Since plaintiffs have failed to sustain their burden of proof, their motion for a preliminary injunction has been denied.

6. Since counsel for all parties have agreed that no further evidence or argument would be offered at a hearing on the merits of this case, the hearing on plaintiff's motion for a preliminary injunction was also deemed to be a hearing on the merits. Defendant is entitled to judgment against plaintiffs.

In accordance with the foregoing Findings of Fact and Conclusions of Law it is hereby ordered that plaintiffs motions for preliminary and permanent injunctive relief

are denied, that judgment in this action shall be entered in favor of defendant United States Postal Service, and the complaint and causes of action therein are dismissed with prejudice.