Frank E. **MIDKIFF**, et al., Plaintiffs-Appellants,

v.

Paul A. **TOM**, et al., Defendants-Appellees.

No. 80–4368.

United States Court of Appeals, Ninth Circuit.

April 14, 1983.

Clinton R. Ashford, Honolulu, Hawaii, for plaintiffs-appellants.

---

Yukio Naito, Shim, Sigal, Tam & Naito, A. Bernard Bays, William E. Atwater, Dennis E.W. O'Connor, John A. Roney, Stubenberg, Roney, Hartnett, Lawhn, Fong & Kuwasaki, Tany S. Hong, Atty. Gen., Honolulu, Hawaii, for defendants-appellees.

## ORDER

Before ALARCON, FERGUSON and POOLE, Circuit Judges.

The motion for an injunction directing the parties to stay further prosecution of the matter entitled *Hawaii Housing Authority, Plaintiff, v. Frank E. Midkiff, et al., Defendants,* now pending in the Circuit Court of the First Circuit, State of Hawaii, at Civil No. 63408 thereof, is denied.

While appellants have shown a likelihood of "probable success" on the merits of their claim, *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,* 526 F.2d 86, 88 (9th Cir.1976), they have not presently demonstrated the requisite immediate irreparable injury, *Benda v. Grand Lodge of the International Association of Machinists & Aerospace Workers,* 584 F.2d 308, 314–15 (9th Cir.1978), or the "real and concrete injury," *Los Angeles Memorial Coliseum Commission v. National Football League,* 634 F.2d 1197, 1201 (9th Cir.1980), which would entitle them to an injunction against ongoing state judicial proceedings. The record does not present any "other extraordinary circumstance," *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 435, 102 S.Ct. 2515, 2523, 73 L.Ed.2d 116 (1982), such as would require intervention now. Neither may it be presumed that the courts of Hawaii under the Supremacy Clause of the United States Constitution, and in the light of this court's decision of March 28, 1983, will fail to discharge their obligations with respect to the rights of appellants.

The order to show cause is vacated and the stay heretofore entered is dissolved. All parties to bear their own costs of this proceeding.