677 F.2d 1317
 Antonia BELTRAN and Enosinsio Manahan, individually and on
behalf of all others similarly situated,
Plaintiffs-Appellees,
v.
Beverly A. MEYERS, individually and in her capacity as
Director of the California State Department of Health; and
Elizabeth Lyman, individually and in her capacity as Deputy
Director of the California State Department of Health,
Defendants-Appellants.
 No. 81-5689.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 5, 1982.
Decided May 25, 1982.
 
 Richard J. Magasin, Deputy Atty. Gen., Los Angeles, Cal., for defendants-appellants.
 Gill Deford, Nat. Senior Citizens Law Center, Los Angeles, Cal., for plaintiffs-appellees; Marie Y. Janiewski, Nat. Senior Citizens Law Center, Los Angeles, Cal., on brief.
 Appeal from the United States District Court for the Central District of California.
 Before WRIGHT and SNEED, Circuit Judges, and EAST*, District Judge.
 SNEED, Circuit Judge:
 
 
 1
 This is an appeal from the grant of a preliminary injunction against enforcement of the State of California's transfer of assets rule for medical assistance eligibility. Plaintiffs and appellees are a class of aged, blind, and disabled individuals who have been denied Medicaid (known in California as "Medi-Cal") benefits by application of California's transfer of assets rule, on the grounds that prior to applying for benefits, they transferred assets for less than adequate consideration in order to become eligible for assistance. They brought suit in the district court alleging that the California rule, which they allege is more strict than federal rules for determining eligibility, has been preempted by the Boren-Long Amendment to the Social Security Act, Pub.L.No.96-611, sec. 5(a)-(c), §§ 1613(c), 1902(j), 94 Stat. 3566, 3567-68 (1980) (codified at 42 U.S.C.A. §§ 1382b(c), 1396a(j) (Supp. 1975-1981)) (hereinafter cited to U.S.C. and U.S.C.A. only). Jurisdiction in the district court was based on 28 U.S.C. § 1343(3) and (4) and on 28 U.S.C. § 1331. The district court granted the preliminary injunction and the State of California appeals. We affirm.
 
 I.
 BACKGROUND
 A. Applicable Law
 1. Supplemental Security Income
 
 2
 The Social Security Act defines available resources for the purpose of determining eligibility for Supplemental Security Income (SSI) for the aged, blind, and disabled at 42 U.S.C. § 1382b (1976 & Supp. II 1978). In determining whether an individual's resources exceed the limits for SSI eligibility, the Social Security Administration must exclude certain assets from consideration, including the individual's home, automobile, household goods, and personal effects.[1]
 
 
 3
 The Boren-Long Amendment alters section 1382b by adding a requirement that any transfer of assets for less than fair value within 24 months preceding the application for assistance shall be presumed to have been for the purpose of establishing eligibility for benefits or assistance under the Act. Assets so transferred shall be included in the applicant's resources for the purpose of determining eligibility based on need. 42 U.S.C.A. § 1382b(c) (Supp. 1975-1981).[2] Assets excluded under section 1382b(a) are also excluded under the Amendment, however, so that the transfer of an individual's home for less than fair value, for example, does not cause a denial of benefits under the Boren-Long Amendment.[3]
 
 2. Medicaid
 
 4
 Medicaid provides federal financial assistance to approved state plans furnishing medical assistance to aged, blind, or disabled individuals whose income and resources are insufficient to meet the costs of necessary medical services. 42 U.S.C. § 1396 et seq. (1976). A state Medicaid program must provide coverage to the "categorically needy"-including those individuals who receive SSI for the aged, blind, and disabled. 42 U.S.C. § 1396a(a)(10)(A); 42 C.F.R. § 435.4. States may provide coverage to the "medically needy"-those individuals with income and resources exceeding the limits for SSI eligibility, but nevertheless insufficient to meet the costs of necessary medical care. 42 U.S.C. § 1396a(a) (10)(C); 42 C.F.R. § 435.4.
 
 
 5
 If a state plan does provide assistance to the "medically needy," it may apply a transfer of assets rule similar to the federal rule for SSI to those applicants. The Boren-Long Amendment changes the Social Security Act's rules for Medicaid plans, 42 U.S.C. § 1396a (1976), to allow states to deny medical assistance to individuals who are eligible only because they have disposed of resources for less than fair market value. 42 U.S.C.A. § 1396a(j) (Supp. 1975-1981). However, the state plan for implementing denial of Medicaid assistance to such individuals can be no more restrictive than the federal law governing the denial of SSI, except that states may extend the period of ineligibility beyond two years where the uncompensated value of disposed of resources exceeds $12,000, 42 U.S.C.A. § 1396a(j)(2).[4]
 
 B. Standard Of Review
 
 6
 The grant or denial of a preliminary injunction should be reversed only if the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Aleknagik Natives Ltd. v. Andrus, 648 F.2d 496, 501 (9th Cir. 1980); Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1132-33 & n.5 (9th Cir. 1979).
 
 
 7
 As this court frequently has stated, to obtain a preliminary injunction the moving party must demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. We also have observed frequently that the greater the relative hardship to the moving party, the less strong need be the showing of probable success that is required. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975); Benda v. Grand Lodge of International Association of Machinists, 584 F.2d 308, 315 (9th Cir. 1978).
 
 II.
 DISCUSSION
 
 8
 We hold that the district court correctly applied the above standard in finding that plaintiffs-appellees are entitled to a preliminary injunction under either branch of the test.
 
 A. Under The First Branch Of The Test
 1. Probable Success On The Merits
 
 9
 Turning to the probable success on the merits of the plaintiffs-appellees, the Boren-Long Amendment, as already mentioned, prohibits states from applying to Medicaid applicants transfer of assets rules more restrictive than the rules for recipients of SSI. See 42 U.S.C.A. §§ 1396a(j), 1382b(c) (Supp. 1975-1981); see n.2 & 4, supra. The California rule appears to be significantly more restrictive in at least one respect. In two other respects there are differences of lesser and varying significance. Whether these latter two standing together, but without the first, would be significantly more restrictive is doubtful; however, they do not stand alone. After considering all differences we conclude that the California rule, when considered as a whole, appears to be significantly more restrictive. We recognize that the district court may well conclude, when considering whether to make the injunction permanent, that certain of the differences are insufficiently significant to be enjoined.
 
 
 10
 a. Transfer of exempt property.
 
 
 11
 Federal law, as already mentioned, excludes certain exempt assets, including homes, from consideration as transferred assets for SSI eligibility purposes. See supra pp. 1318-1319 & n.1. Only the transfer of non-exempt property can result in denial of benefits. The California rule, on the other hand, considers the value of exempt assets in its resources determination if they are transferred for less than fair value, and only excludes it when the property continues to be used by the transferor in the manner which caused its exempt status. Excerpt of Record at 242. This policy is clearly in conflict with federal law. The State's argument that Social Security Act exemptions, 42 U.S.C. § 1382b(a) (1976 & Supp. II 1978), are conditioned upon the resource being used both before and after its transfer for the purpose which caused its exempt status, State Brief at 22, is unconvincing. It is the status of property at the time of transfer, not thereafter, that determines whether it is exempt or non-exempt.
 
 
 12
 To support the State's argument the parenthetical expression "(but subject to the exclusions under subsection (a) of this section)" of 42 U.S.C. § 1382b(c) (1) should have included an exception which would have read somewhat as follows:
 
 
 13
 "(but subject to the exclusions under subsection (a) of this section, except that the exclusion under subsection (a)(1) is applicable only so long as the individual continues to use the home as his principal place of residence following a transfer described in this paragraph )."
 
 
 14
 We have no authority to add such an exception to the statute. Thus, this California rule is significantly more restrictive than federal law.
 
 
 15
 b. Ineligibility period limited to 24 months after transfer.
 
 
 16
 The SSI transfer rules only apply to transfers occurring within 24 months prior to application. 42 U.S.C. § 1382b(c)(1) (Supp. 1975-1981.) The Boren-Long Amendment creates a 24-month period after the date of transfer during which the resources transferred for less than fair market value to achieve SSI eligibility are deemed owned by the transferor for the purpose of determining SSI eligibility. 126 Cong.Rec. S16505-06 (daily ed. Dec. 13, 1980) (deemed ownership) (remarks of Senator Long). For example, if on September 1, 1981, an applicant gave away property worth $3,000 prior to applying for SSI, and the applicant's only remaining asset is a bank account of $200, for the purpose of determining SSI eligibility the applicant will be deemed to have resources of $3,200. The uncompensated value of $3,000 will continue to count against the applicant until September 3, 1983.
 
 
 17
 The Amendment also permits a state to implement a similar ineligibility period for Medicaid. 42 U.S.C. § 1396a(j)(1) & (2) (Supp. 1975-1981). This period is limited to 24 months when the value of the disposed resources does not exceed $12,000. See 42 U.S.C. § 1396a(j)(2) (Supp. 1975-1981); State Brief at 31-32; Plaintiffs-Appellees' Brief at 17. However, when the value of the disposed resources exceeds $12,000, the state's plan may provide for a period of ineligibility of more than 24 months provided the period bears a reasonable relationship to the value of such resources. Id. States also have the option of adopting transfer rules that are more lenient than the rules for SSI. See 42 U.S.C. § 1396a(j)(3).
 
 
 18
 The California rule does not limit its application to transfers occurring within the previous two years, as it must for transfers valued at less than $12,000. See 22 Cal.Admin.Code § 50408(b).[5] However, the California rule may in fact be in substantial compliance when the practical effect of the way it implements the ineligibility period is considered.[6] These differences, therefore, may be of no significance.
 
 
 19
 c. Convincing evidence.
 
 
 20
 The federal statute allows applicants to overcome the presumption that assets were transferred to obtain eligibility with "convincing evidence" that the transaction was exclusively for some other purpose. 42 U.S.C. § 1382b(c)(2). The California rule is more precise and, by imposing specific requirements to overcome the presumption, is arguably more restrictive.[7] Again the significance of this difference is conjectural.
 
 2. Irreparable Injury
 
 21
 Plaintiffs have shown a risk of irreparable injury, since enforcement of the California rule may deny them needed medical care. That is a sufficient showing.
 
 B. Under The Second Branch Of The Test
 
 22
 Even if plaintiffs-appellees had not shown probable success on the merits, they would certainly have raised serious questions. Where the meaning of the Medicaid legislation or its implementing regulations is unclear, the resulting uncertainty is a consequence of a failure of the governmental process to operate efficiently. The financial consequences of this inefficiency under the circumstances of this case ought not to be visited upon individuals such as the plaintiffs-appellees. Balancing the medical or financial hardship to the plaintiffs-appellees against the financial hardship to the state resulting from its inability to recover for medical services should its rules ultimately be held valid, it was not an abuse of discretion for the district judge to find that the balance of hardships tipped sharply in favor of plaintiffs.
 
 
 23
 Inasmuch as the exhibits about which the plaintiffs-appellees complain were not considered in reaching our decision, their motion to strike them is GRANTED. The motion of defendants-appellants for judicial notice of the exhibits is DENIED, except that the request that appellees' exhibits be struck is GRANTED. The district court's grant of a preliminary injunction is AFFIRMED.
 
 
 24
 SO ORDERED.
 
 
 
 *
 Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 The partial text of section 1382b is set out below:
 1382b. Resources; exclusions from resources; disposition of resources
 (a) In determining the resources of an individual (and his eligible spouse, if any) there shall be excluded-
 (1) the home (including the land that appertains thereto);
 (2) household goods, personal effects, and an automobile, to the extent that their total value does not exceed such amount as the Secretary determines to be reasonable;
 (3) other property which, as determined in accordance with and subject to limitations prescribed by the Secretary, is so essential to the means of self-support of such individual (and such spouse) as to warrant its exclusion....
 
 
 [2]
 The Boren-Long Amendment added the following language to 42 U.S.C. § 1382b:
 (c)(1) In determining the resources of an individual (and his eligible spouse, if any) there shall be included (but subject to the exclusions under subsection (a) of this section) any resource (or interest therein) owned by such individual or eligible spouse within the preceding 24 months if such individual or eligible spouse gave away or sold such resource or interest at less than fair market value of such resource or interest for the purpose of establishing eligibility for benefits or assistance under this chapter. (Emphasis added.)
 (2) Any transaction described in paragraph (1) shall be presumed to have been for the purpose of establishing eligibility for benefits or assistance under this chapter unless such individual or eligible spouse furnishes convincing evidence to establish that the transaction was exclusively for some other purpose.
 (3) For purposes of paragraph (1) the value of such a resource or interest shall be the fair market value of such resource or interest at the time it was sold or given away, less the amount of compensation received for such resource or interest, if any.
 
 
 [3]
 See 42 U.S.C.A. § 1382b(c)(1), supra note 2; note 1, supra
 
 
 [4]
 The Boren-Long Amendment added the following language to 42 U.S.C.A. § 1396a:
 (j)(1) Notwithstanding any other provision of this subchapter, an individual who would otherwise be eligible for medical assistance under the State plan approved under this title may be denied such assistance if such individual would not be eligible for such medical assistance but for the fact that he disposed of resources for less than fair market value. If the State plan provides for the denial of such assistance by reason of such disposal of resources, the State plan shall specify a procedure for implementing such denial which, except as provided in paragraph (2), is not more restrictive than the procedure specified in section 1382b(c) of this title. (Emphasis added.)
 (2) In any case where the uncompensated value of disposed of resources exceeds $12,000, the State plan may provide for a period of ineligibility which exceeds 24 months. If a State plan provides for a period of ineligibility exceeding 24 months, such plan shall provide for the period of ineligibility to bear a reasonable relationship to such uncompensated value.
 (3) In any case where an individual is ineligible for medical assistance under the State plan solely because of the applicability to such individual of the provisions of section 1382b(c) of this title, the State plan may provide for the eligibility of such individual for medical assistance under the plan if such individual would be so eligible if the State plan requirements with respect to disposal of resources applicable under paragraphs (1) and (2) of this subsection were applied in lieu of the provisions of section 1382b(c) of this title.
 
 
 [5]
 The presumption that assets transferred more than 24 months prior to application were not transferred to establish eligibility may be rebutted. 22 Cal.Admin.Code § 50408(b) states:
 (b) There is a presumption that property transferred by the applicant or beneficiary more than two years preceding the date of initial application was not transferred to establish eligibility or reduce the share of cost. Such property shall not be considered in determining eligibility, unless there is evidence that disproves this presumption.
 See also 22 Cal.Admin.Code § 50411.
 
 
 [6]
 California law provides that the period of ineligibility shall be "the time during which the net market value of the property at the time of the transfer, less consideration received, would have supported the applicant or beneficiary and the applicant's or beneficiary's family." 22 Cal.Admin.Code § 50411(a). "Support" here includes medical costs. See 22 Cal.Admin.Code 50411(b)(5)(A). The ineligibility period begins to run at approximately the date of transfer. See 22 Cal.Admin.Code § 50411(c). For example, a transfer of $3,000 might support an applicant and the applicant's family for two to six months, depending upon individual circumstances. Excerpt of Record at 264. Thus, an individual transferring this amount for no consideration would probably be ineligible for Medi-Cal for two to six months after the transfer date. If as a practical matter the uncompensated value of a transfer less than $12,000 is always less than the amount required to support the applicant and applicant's family for two years, then California's transfer rule is not in violation of the Boren-Long Amendment in any meaningful sense. The district court is in a better position than we are to determine whether this is the case
 
 
 [7]
 22 Cal.Admin.Code § 50409. The rule provides, in pertinent part:
 "(2) To overcome the presumption, the applicant or beneficiary has the burden of establishing by objective facts, rather than statement of subjective intent, that this presumption is not correct. The applicant or beneficiary shall provide evidence that adequate resources were available at the time of the transfer of property for support and medical care considering such things as the applicant's or beneficiary's age, health, life expectancy, and ability to understand extent of resources.
 (A) The declaration of another purpose, such as to avoid probate, by itself, shall not be sufficient to overcome the presumption. A showing that the sole purpose of the transfer was for reasons other than to establish eligibility or to reduce the share of cost shall be supported by evidence such as that specified above.
 (B) The establishment of the fact that the applicant or beneficiary did not have specific knowledge of the availability or benefits of the Medi-Cal program is not sufficient to overcome the presumption. " (Emphasis added.)