Eugene GLICK, M.D., and Planned Parenthood of Washoe County, a non-profit Nevada corporation, Plaintiffs,

v.

Brian McKAY, Attorney General of the State of Nevada; Mills Lane, District Attorney of the County of Washoe, State of Nevada; Noel Waters, District Attorney for Carson City, State of Nevada; Michael B. Dinning, District Attorney for the County of Churchill, State of Nevada; Robert J. Miller, District Attorney for the County of Clark, State of Nevada; Brent T. Kolvet, District Attorney for the County of Douglas, State of Nevada; James E. Wilson, District Attorney for the County of Elko, State of Nevada; Jerrold Courtney, District Attorney for the County of Esmeralda, State of Nevada; Johnson W. Lloyd, District Attorney for the County of Eureka, State of Nevada; Virginia Shane, District Attorney for the County of Humboldt, State of Nevada; Hy Forgeron, District Attorney for the County of Lander, State of Nevada; Eileen Barnett, District Attorney of the County of Lincoln, State of Nevada; William G. Rogers, District Attorney of the County of Lyon, State of Nevada; Larry G. Bettis, District Attorney of the County of Mineral, State of Nevada; Andy Demetras, District Attorney of the County of Nye, State of Nevada; Richard Wagner, District Attorney of the County of Pershing, State of Nevada; Tom Wright, District Attorney of the County of Storey, State of Nevada; Steven G. McGuire, District Attorney of the County of White Pine, State of Nevada, Defendants.

No. CV–R–85–33.

United States District Court,
D. Nevada.

July 17, 1985.

Stanley H. Brown, Sr., and Stanley H. Brown, Jr., Reno, Nev., for plaintiffs.

Brian McKay, Atty. Gen., Carson City, Nev., James E. Wilson, Elko County Dist. Atty., Elko, Nev., Virginia Shane, Humboldt County Dist. Atty., Winnemucca, Nev., Larry G. Bettis, Mineral County Dist. Atty., Hawthorne, Nev., Noel Waters, Carson City Dist. Atty., Carson City, Nev., Robert J. Miller, Clark County Dist. Atty., Las Vegas, Nev., Jerrold Courtney, Esmeralda County, Dist. Atty., Goldfield, Nev., Eileen Barnett, Lincoln County Dist. Atty., Pioche, Nev., Andy Demetras, Nye County Dist. Atty., Tonopah, Nev., Michael B. Dinning, Churchill County Dist. Atty., Fallon, Nev., Brent T. Kolvet, Douglas County Dist. Atty., Minden, Nev., John W. Lloyd,

Eureka County Dist. Atty., Eureka, Nev., William Rogers, Lyon County Dist. Atty., Yerington, Nev., Richard Wagner, Pershing County Dist. Atty., Lovelock, Nev., Thomas P. Wright, Storey County Dist. Atty., Virginia City, Nev., Brian McKay, Atty. Gen., Ellen F. Whittemore, Deputy Atty. Gen., Las Vegas, Nev., Mills Lane, Washoe County Dist. Atty., Reno, Nev., Hy T. Forgeron, Lander County Dist. Atty., Battle Mountain, Nev., Steven G. McGuire, White Pine County Dist. Atty., Ely, Nev.

## ORDER

EDWARD C. REED, Jr., District Judge.

I. Introduction

Plaintiffs seek declaratory and injunctive relief pursuant to the United States Constitution and 42 U.S.C. § 1983. Plaintiffs challenge the constitutionality of Sections 1, 2, 7, and 8 of Senate Bill 510 which amended certain provisions of NRS ch. 442. *See* Act of June 14, 1985, Ch. 681, 1985 Nev.Adv. Sheets 2306 (to be codified at NRS ch. 442).

The challenged statute prevents a physician from performing an abortion upon an unemancipated minor without first notifying the parents or receiving court authorization to perform the abortion. The plaintiffs challenge the constitutional sufficiency of the statute's procedures whereby an unemancipated minor may seek an order from a state district court authorizing the physician to perform the abortion. If the order is denied, then the minor may petition the court seeking a decree for the waiver of the notification requirement. The court may waive the notification requirement if the court finds that the petitioner is mature enough to make the abortion decision on her own or that, even if immature, waiver of notification is in her best interests.

The plaintiffs are a physician, Dr. Eugene Glick, and a non-profit family planning clinic, Planned Parenthood of Washoe County. The defendants are the state and local officials charged with enforcing the challenged statute.

On June 28, 1985, this Court entered a Temporary Restraining Order pursuant to Fed.R.Civ.P. 65 restraining the statute. The challenged statute was to go into effect at midnight July 1, 1985. We subsequently extended the restraining order until July 18, 1985. On July 8, 1985, the Court held a hearing on the plaintiffs' motion for preliminary injunction.

The following constitutes this Court's findings of fact and conclusions of law.

■ At oral argument, defendants argued for the first time that neither plaintiff has standing to represent minor women patients. This argument is without merit. Plaintiff Dr. Glick has standing to assert both his own rights and those of his women patients to challenge the constitutionality of the sections at issue in this case. *See Singleton v. Wulff,* 428 U.S. 106, 112, 96 S.Ct. 2868, 2873, 49 L.Ed.2d 826 (1976); *Planned Parenthood v. Danforth,* 428 U.S. 52, 62, 96 S.Ct. 2831, 2837, 49 L.Ed.2d 788 (1976).

This Court will grant a preliminary injunction if the moving party demonstrates *"either* a combination of probable success on the merits and a possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the moving party's favor." *Students of California School for the Blind v. Honig,* 736 F.2d 538, 542 (9th Cir.1984) quoting *Beltran v. Myers,* 677 F.2d 1317, 1320 (9th Cir.1982)(emphasis in original). With this standard in mind, we review plaintiffs' challenges.

## II. Parental Notification and Bypass

■ The constitutional guarantee of personal liberty protects a woman's right to terminate her pregnancy. *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). The Supreme Court has not wavered from "the basic principle that a woman has a fundamental right to make a highly personal choice whether or not to terminate her pregnancy." *City of Akron v. Akron Center for Reprod. Health,* 462 U.S. 416, 420 n. 1, 103 S.Ct. 2481, 2487 n. 1, 76 L.Ed.2d 687 (1983) (citations omitted).

However, this right is not absolute and the Supreme Court has noted that "a State's interest in protecting immature minors will sustain a requirement of a consent substitute, either parental or judicial." *Id.* at 439, 103 S.Ct. at 2497. A state's interest in protecting immature minors and in promoting family integrity gives the State a special interest in ensuring that the abortion decision is made with understanding and after careful deliberation. *Id.* at 443, n. 32, 103 S.Ct. at 2500, n. 32. Thus, Nevada's parental notification statute is not per se unconstitutional and must be analyzed under the applicable constitutional analysis. We note, too, that "[w]here fairly possible, courts should construe a statute to avoid a danger of unconstitutionality." *Planned Parenthood v. Ashcroft,* 462 U.S. 476, 493, 103 S.Ct. 2517, 2526, 76 L.Ed.2d 733 (1983) (opinion of Powell, J.).

■ The parties sharply disagree as to whether the constitutional analysis applicable to parental consent statutes should be applied to a parental notification statute such as Nevada's. Although there is some support in older cases for defendants' argument that the consent analysis is inapplicable to notification statutes, the more recent opinions are contrary. The Seventh Circuit carefully considered this issue and found it had been settled:

"In *City of Akron v. Akron Center for Reproductive Health, Inc.,* [462] U.S. [416], 103 S.Ct. 2481, 76 L.Ed.2d 687 (1983), the Court said that the state's interest in encouraging parental involvement—either through a consent or notification statute—in a minor's decision to have an abortion 'must give way to the constitutional right of a mature minor or of an immature minor whose best interests are contrary to parental involvement.' *Id.* [103 S.Ct.] at 2491 n. 10. The Court went on to hold that a procedure whereby parents would be notified when a minor filed a petition seeking court approval of an abortion would be unconstitutional as applied to a mature minor. *Id.* at 2498 n. 31."

*Indiana Planned Parenthood Affiliates Ass'n, Inc. v. Pearson,* 716 F.2d 1127, 1132

(7th Cir.1983) (footnote omitted). The Seventh Circuit carefully reasoned through the applicable Supreme Court opinions in reaching this conclusion. This Court also carefully reviewed the complex body of applicable law. We conclude that "a State may not validly require notice to parents in all cases, without providing an independent decisionmaker to whom a pregnant minor can have recourse if she believes that she is mature enough to make the abortion decision independently or that notification otherwise would not be in her best interests." *H.L. v. Matheson,* 450 U.S. 398, 420, 101 S.Ct. 1164, 1177, 67 L.Ed.2d 388 (1981) (Powell, J., concurring). Thus, we will apply the Supreme Court's analysis with respect to consent bypass procedures to determine the constitutional sufficiency of Nevada's notification bypass procedures.

■ The Supreme Court holds that a state's interest in protecting immature minors will sustain a requirement of a consent substitute, either parental or judicial. *City of Akron,* 462 U.S. at 439, 103 S.Ct. at 2497. It is clear, however, that "the State must provide an alternative procedure whereby a pregnant minor may demonstrate that she is sufficiently mature to make the abortion decision herself or that, despite her immaturity, an abortion would be in her best interests." *Id.* at 439–440, 103 S.Ct. at 2497–2498. The question presented is whether Nevada's statute provides a judicial alternative that is consistent with this legal standard.

A. NRS § 442.255

The alternative provided by the Nevada statute is a two-tiered judicial procedure.[1]

The first step the minor woman must meet is to request a state district court to issue an order authorizing an abortion. NRS § 442.255(2). The court is directed to interview the woman within two judicial days. *Id.* The order authorizing or denying the abortion shall be entered within one judicial day of the interview. NRS § 442.-255(3). If the district court neither grants nor denies authorization in writing within one judicial day, then authorization is deemed to have been granted. *Id.*

The statute directs the court to "take the necessary steps to ensure that the interview and any other proceedings held pursuant to this subsection or section 1 of this act are confidential." NRS § 442.255(4).

Defendants argue that this first step is intended as an informal procedure designed for flexibility.[2] However, the statute requires an order from a district court judge which is a traditional judicial act.

Further, the provision for a "pocket approval" puts the physician in a difficult position. If the district court does nothing, authorization for the physician to perform the abortion is deemed to have been granted. NRS § 442.255(3). The physician is subjected to liability if the abortion is performed without authorization, but the physician has nothing tangible to rely upon to prove compliance with the law. In the case of "pocket approval," no record is made of the authorization.

Second, the statute fails to provide for an adequate confidentiality. The court is vaguely directed to "take the necessary steps" to ensure confidentiality. NRS

---

1. Defendants argue that there are two different alternatives: (1) an independent decision maker and (2) a judicial bypass. This argument is without merit. The minor, if wishing to avoid parental notification, must first go to the "independent decision maker—a district judge—before proceeding with a petition before the district court. The first step found in NRS § 442.-255(2), (3), (4) is not a separate alternative as argued. Rather, this provision is a judicial condition precedent to Section 2 of Senate Bill 510. The defendants characterization of this alternative as "non-judicial" also raises questions as to

whether or not the district judge would also lose his or her judicial immunity and could, therefore, be sued in their capacity as an "independent decision-maker."

2. This step is so flexible that the district court and the minor woman is given no guidance as to the procedure to be followed. The defendants argue that the minor need only phone the district judge's secretary for an interview appointment and need not even give her name. It is difficult to believe that a district court could conduct its business in this manner.

§ 442.255(4). The United States Supreme Court requires specific assurances of anonymity in consent bypass procedures. *See Bellotti v. Baird (Bellotti II)*, 443 U.S. 622, 644, 99 S.Ct. 3035, 3048, 61 L.Ed.2d 797 (1979). The plurality in *Bellotti II* required that the alternative to parental consent must "assure" that the resolution of this question "will be completed with anonymity and sufficient expedition to provide an effective opportunity for an abortion to be obtained." *Id.* Thus, plaintiffs raise serious questions as to the constitutionality of NRS § 442.255(2), (3), (4) and hardships tip in favor of plaintiffs. These provisions, therefore, should be enjoined.

### B. Section 2, Senate Bill 510

If the court denies authorization of the abortion under NRS § 442.255, section 2 of Senate Bill 510 provides that a petition may be made by the minor to the court. At this point, the statute provides that counsel may be appointed to help the minor prepare her petition. A hearing on the merits and on the record must be held within 5 judicial days after the filing of the petition. The district court hears evidence relating to emancipation, maturity, and any other useful information. The court then issues a decree either granting or denying the petition. If the petition is granted, the physician may perform the abortion. If the petition is denied, the court must set forth grounds for the denial. An appeal may then be taken to the Nevada Supreme Court. The notice of intent to appeal must be made within one judicial day and the record must be perfected within five judicial days. The act directs the court (presumably the Nevada Supreme Court) to provide for a confidential and expedited appellate review of cases appealed.

However, the statute fails to set forth any time frame for the district court to render its decision on the petition. This raises serious questions as to whether the Nevada statute assures that the petition will be completed with sufficient expedition to provide an affective opportunity for an abortion to be obtained. In a best case analysis, the minimum time for the two-step judicial procedure is fourteen judicial days. This is assuming the district court enters its order on the petition the same day as the hearing. Thus, if denied, the minor woman has expended approximately three weeks of her first trimester. This alone raises serious questions of the statute's constitutionality because time lost in the first trimester is crucial. *See e.g. H.L. v. Matheson*, 450 U.S. at 412, 101 S.Ct. at 1172 (noting that time is likely to be of the essence in an abortion decision).

In *Ashcroft*, the United States Supreme Court upheld the Missouri parental consent statute's provision providing for expeditious appeals because the court found that the framework for a constitutionally sufficient means of expediting judicial proceedings was contained in the statute. *Ashcroft*, 462 U.S. at 491 n. 16, 103 S.Ct. at 2525 n. 16. However, that statute provided that:

> The notice of intent to appeal shall be given within twenty-four hours from the date of issuance of the order. The record on appeal shall be perfected within five days from the filing of notice to appeal. Because time may be of the essence regarding the performance of the abortion, the supreme court of this state shall, by court rule, provide for expedited appellate review of cases appealed under this section.

Mo.Rev.Stat. § 188.028.2(6) (Supp.1982). Nevada's general instruction to the Nevada Supreme Court "to provide for a confidential and expedited appellate review of cases appealed" is insufficient.[3] Citing *Ashcroft*,

---

**3.** The directive by the Nevada legislature to the Supreme Court to either promulgate rules or issue an order to provide for a confidential and expedited review of cases appealed may violate the separation of powers in Nevada's constitution. Under the Nevada constitution, the legislature is charged with prescribing the law and the manner in which appeals may be taken from the district courts. Nev. Const. Art. 6, § 8. Thus, the legislature may be required to provide for the expedited review so as not to unconstitutionally delegate its power to the Nevada Supreme Court.

the Third Circuit states that "[t]o pass constitutional muster, the alternative judicial procedure must be an established and practical avenue and may not rely solely on generally stated principles of availability, confidentiality, and form." *American College of Obstetricians v. Thornburgh,* 737 F.2d 283, 297 (3d Cir.1984); *jur. post.* —— U.S. ——, 105 S.Ct. 2015, 85 L.Ed.2d 297 (1985). Other courts that have been faced with the absence of rules governing expedited appeals have enjoined the statute until such time as the rules are promulgated. *See Zbaraz v. Hartigan,* 763 F.2d 1532 (7th Cir.1985); *Thornburgh,* 737 F.2d 283; *Indiana Planned Parenthood v. Pearson,* 716 F.2d 1127 (7th Cir.1983) (striking down an Indiana parental notification statute because, among other grounds, it did not even mention appeals). This Court agrees with the analysis used by these courts and finds their reasoning persuasive.

This Court finds that until the Nevada Supreme Court promulgates rules or orders in accordance with Section 2, the absence of such rules is a fundamental defect in that section. Thus, we find that plaintiffs have raised serious questions as to the constitutionality of Section 2 and that the hardships tip in favor of plaintiffs. Section 2 is, therefore, enjoined.

### C. Severability

Defendants argued at the hearing on the preliminary injunction that even if this Court decided to enjoin Section 2 and NRS § 442.255 (2), (3), (4), the Court should not enjoin NRS § 442.255(1). NRS § 442.255(1) requires that a physician personally notify parents of all minors (both mature and immature).

In support of this contention defendants argue: (1) that plaintiffs failed to seek an injunction of NRS § 442.255(1), and (2) that standing alone NRS § 442.255(1) is constitutional.

■ Unconstitutional provisions in a statute shall be severed if it appears that the legislature would have enacted the constitutional provisions of the statute independently of those provisions. *Immigra-*

*tion and Naturalization Service v. Chadha,* 462 U.S. 919, 931–32, 103 S.Ct. 2764, 2774–75, 77 L.Ed.2d 317 (1983) (citing *Buckley v. Valeo,* 424 U.S. 1, 108, 96 S.Ct. 612, 677, 46 L.Ed.2d 659 (1976) ). Nevada law contains a general severability section which applies to any provision of the Nevada Revised Statutes. NRS § 0.010. Although there is no severability provision in the parental notification statute, NRS § 0.020 evidences the intent that the Nevada legislature intends the constitutional provisions of the Act to go into effect without the unconstitutional provisions.

The bypass procedure has been enjoined by this Court. Without that procedure, plaintiffs raise serious questions as to whether the requirement of parental notification to mature minors can stand alone. Thus, regardless of the severability provided in NRS § 0.020, the Court must enjoin NRS § 442.255(1) until the constitutional infirmities of the bypass procedure have been rectified.

Because this Court will enjoin the above-named provisions, we find that NRS § 442.-257 (which provides for criminal penalties) should also be enjoined.

### III. NRS § 442.253(1)(c)

Under NRS § 442.253(1)(c):

"The attending physician or a person meeting the qualifications established by regulations adopted by the health division shall accurately and in a manner which is reasonably likely to be understood by the pregnant woman:

.    .    .    .    .

c) Explain the physical and emotional implications of having the abortion."

■ The Supreme Court holds that a state may require a physician to make certain that his patient understands the physical and emotional implications of having an abortion. *City of Akron,* 462 U.S. at 445, 103 S.Ct. at 2500–01. Plaintiffs argue that Nevada, by using the word "explain" rather than "understand," have placed an unconstitutional burden on the physician. This Court disagrees. The requirement

that the physician explain the physical and emotional implications conforms to the Supreme Court's allowance that a state has an interest in insuring that the abortion decision is made with "full knowledge of its nature and consequences." *Planned Parenthood v. Danforth*, 428 U.S. at 67, 96 S.Ct. at 2840.

Thus, this Court concludes that the plaintiffs have failed to show a probable success on the merits or to raise serious questions on their claim that NRS § 442.253(1)(c) is unconstitutional. Because of the Court's finding that the Nevada legislature intended the constitutional provisions to be severed, we will not enjoin NRS § 442.-253(1)(c).

## IV. CONCLUSION

IT IS, THEREFORE, HEREBY ORDERED that in accordance with the above order, and to the extent therein stated, plaintiffs' motion for preliminary injunction is granted and a preliminary injunction shall be issued by the Court.