**INDEPENDENT LIVING CENTER OF SOUTHERN CALIFORNIA, INC., a nonprofit corporation; et al., Petitioners—Appellees,**

**Sacramento Family Medical Clinics, Inc.; et al., Intervenors— Appellees,**

v.

**David MAXWELL–JOLLY, Director of the Department of Health Care Services, State of California; et al., Respondent—Appellants.**

No. 08–57016.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 28, 2009.

Filed Aug. 7, 2009.

Lynn Stuart Carman, Esquire, Medicaid Defense Fund, Novato, CA, Stanley Lester Friedman, Los Angeles, CA, for Petitioners–Appellees.

Craig Cannizzo, Hooper, Lundy & Bookman, Inc., San Francisco, CA, Lynn Stuart Carman, Esquire, Stanley Lester Friedman, Byron J. Gross, Esquire, Lloyd A. Bookman, Esquire, Hooper, Lundy & Bookman, Inc., Los Angeles, CA, Jordan Brian Keville, Esquire, Hooper, Lundy & Bookman, Los Angeles, CA, Felicia Y. Sze, Hooper, Lundy & Bookman, Inc., San Francisco, CA, for Interveners–Appellees.

Tara L. Newman, Deputy Attorney General, Sundeep Andrew Dhadwal, Deputy Attorney General, Jennifer M. Kim, Supervisory, AGCA—Office of the California Attorney General, Los Angeles, CA, Carmen Denise Snuggs, Deputy Attorney General, Attorney General Office, Los Angeles, CA, RIchard D. Wardow, Esquire, CAAG—Office of the Attorney General, Los Angeles, CA, for Respondent–Appellants.

Before: REINHARDT, W. FLETCHER, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Petitioners–Appellees Independent Living Center of Southern California, Inc., et al. sought a preliminary injunction in the district court seeking to enjoin AB 5's ten percent Medi–Cal reimbursement rate reduction as to non-emergency medical transportation (NEMT) services and home health services. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.

The district court enjoined the Director "from reducing by ten percent payments under the Medi–Cal fee-for-service pro-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gram for NEMT and home health services provided on or after November 17, 2008." [1] The Director timely appealed.

On appeal, the Director admits that the State did not evaluate whether reduced payments to NEMT providers and home health agencies would comply with the *Orthopaedic Hospital v. Belshe*, 103 F.3d 1491 (9th Cir.1997), court's interpretation of 42 U.S.C. § 1396a(a)(30)(A)'s efficiency, economy, and quality provision. The Director argues that the State was not required to do so because "that interpretation has been rejected by the federal agency responsible for administering the program and the other federal circuits that have considered it." For the reasons discussed in *Independent Living Center*, 572 F.3d at 651–58, *Orthopaedic Hospital* is controlling authority. The State's failure to evaluate the effect of the reduced payments in accordance with the standards set forth in *Orthopaedic Hospital* renders the cuts unlawful under § 1396a(a)(30)(A).

The Director's argument that Petitioners failed to show irreparable harm also fails. The district court examined the declarations submitted by petitioners at length, noting that at least ten declarants stated that the rate reductions would force—or, in some cases, were already forcing—NEMT and home health-care agencies to reduce the geographic area served, decline to take new Medi–Cal patients, or stop treating Medi–Cal patients altogether. The district court's conclusion that Petitioners would suffer irreparable harm was not clear error. *See id.* at 657–59.

The district court also did not abuse its discretion in determining that the balance of hardships tipped decidedly in Petitioners' favor. *See id.* at 658–59; *Beltran v. Myers*, 677 F.2d 1317, 1322 (9th Cir.1982).

For these reasons and those we provided in *Independent Living Center*, 572 F.3d at 644, we affirm the district court's grant of a preliminary injunction.

**AFFIRMED.**

1. Petitioners requested an injunction for services provided on or after October 27, 2008, the date they filed their motion. Citing state sovereign immunity, the district court declined to provide "retroactive relief." Although this holding was error, *see Indep. Living Ctr. of S. Cal. v. Maxwell–Jolly*, 572 F.3d 644, 644, 659–63 (9th Cir.2009), Petitioners did not appeal the November 17, 2008 order. The effective date of the injunction is therefore not before us.

